# Munhall Borough School District, Appellant, *v.* Mifflin Township School District.

*School law—Division of school districts—School property—Act of June 24, 1895, P. L. 259.*

The Act of June 24, 1895, P. L. 259, relating to the creation of new school districts and the adjustment of their affairs with the old districts from which they were formed, contains no authority to find or decree a balance due to the outgoing or new district for an undue proportion of real estate and movable properties remaining in the old district.

Argued Nov. 6, 1903. Appeal, No. 159, Oct. T., 1903, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1903, No. 4, dismissing exceptions to adjudication in case of Munhall Borough School District v. Mifflin Township School District. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill for the adjustment of rights and liabilities as between two school districts.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing exceptions to adjudication.

*J. Merrill Wright*, with him *C. W. Reamer*, for appellant, cited: Sugar Notch Borough, 192 Pa. 349 ; Abington School District, 84 Pa. 179 ; Wilkins Twp. School Dist., 18 Pa. Superior Ct. 293 ; Jenkintown School Dist., 6 W. N. C. 65.

*Charles O'Brien*, with him *Charles W. Ashley*, for appellee, cited : Wilkins Twp. School Dist., 18 Pa. Superior Ct. 293.

OPINION BY MR. JUSTICE POTTER, January 4, 1904 :

The school district of the borough of Munhall was duly incorporated upon June 24, 1901, out of a part of Mifflin township. The authorities of the new district thereafter filed the present bill, under the act of June 24, 1895, to secure an accounting and an apportionment of the indebtedness and property rights between it and the Mifflin township district. The facts were agreed upon, and submitted to the court for its

conclusions upon the law.    The assessed valuation of that part of the township incorporated into the borough of Munhall was 51.8 per cent of the whole.    The court found as a matter of law that the new district was entitled to 51.8 per cent of the assets of the old district on hand at the close of the current year, and to the same proportion of the state appropriation for the current year.    That it was also liable for 51.8 per cent of the indebtedness of the old district of Mifflin township.    It declined to find, however, that the plaintiff, the school district of the borough of Munhall, was entitled to be paid any sum whatever, by the old district, for any undue proportion of the real estate and movable property remaining in the old district.

We agree with the learned judge of the trial court, that the act of 1895 contains no authority to find or decree a balance due to the outgoing or new district for an undue proportion of real estate and movable property remaining in the old.    Express provision is made for ascertaining the amount of money which the new district shall pay to the old, in case of its having an undue proportion of property within its bounds.    But the former contingency seems not to have been contemplated.    With the construction and application of the act of 1862 before it, we cannot suppose the legislature would have omitted to speak clearly and definitely had it intended to prescribe payment by the old district to the new in case the result of the division should be to leave more school property in the old than in the new.    It is not for us to give reasons for the legislative action, but it is apparent that, in forming a new district, the situation is fully open to the view of those interested.    It is not forced out of the old district—it goes out presumably for its own benefit, and its interests can be properly protected, and its proportion of the real estate and movable property of the old district can be secured to it, if deemed important, by so adjusting the lines of division.    But, however that may be, we have before us nothing more than the construction of a statute, which, by its terms, in so far as it relates to the subject-matter of the plaintiff's claim, gives it no right to demand from the defendant payment for any excess of school property remaining with it, after the lines of the new district were drawn.

The assignments of error are overruled, the decree is affirmed, and this appeal is dismissed at the cost of the appellant.