## The Sandy Township School District v. The Falls Creek Borough School District.

*School law — Annexation of land — School property — Apportionment of indebtedness.*

1. Where land is taken from a township school district and annexed to a borough district, and there is no school real estate in the territory annexed, section 110 of the School Code of May 18, 1911, P. L. 309, relating to the apportionment of school property, does not apply.

2. The act was intended to apply, and can apply in detail only, to cases where, as a result of the change in boundaries, school property is involved; if the change in lines results in transferring school property, then the value thereof must be taken into consideration.

3. The words of the act "including funds and indebtedness" do not imply that funds and indebtedness are school property.

4. The act does not mean that all school property, real and personal, in each of the districts affected must be valued and the funds and indebtedness of each taken into account in determining whether a part of the district in which there is no school property shall go out free of indebtedness incurred prior to the transfer.

Exceptions to report of commissioners appointed to adjust indebtedness. C. P. Clearfield Co., Sept. T., 1927, No. 321.

*E. G. Boose,* for plaintiff; *W. N. Conrad,* for defendant.

CHASE, P. J., Oct. 18, 1927.—By virtue of the provisions of the School Code, the court appointed commissioners to adjudicate the property indebtedness between the above-named school districts. . The said commission found, *inter alia,* that the portion of the School District of Sandy Township which was annexed to the School District of Falls Creek Borough contained no real estate belonging to the said school district. However, in making the award as between the two districts, the commissioners allowed to the School District of Sandy Township $503.96, being .011 per cent. of the net indebtedness of Sandy Township School District. It is agreed by both districts that the findings of the commissioners as to this allowance were proper under the law.

The commissioners then proceeded to take into consideration that there was no school property belonging to the school district within the territory annexed to the School District of Falls Creek Borough, and, taking into consideration that the valuation of the said Sandy Township School District was $125,000, concluded to allow the School District of Falls Creek Borough, by reason of an undue proportion of school property left in Sandy Township, a credit of $292.72, leaving a balance of $211.25 due to the School District of Sandy Township, and recommended to the court that the decree direct payment of this amount to the Sandy Township School District be made.

Exceptions were filed to the findings of the commission, alleging that it was unlawful for the said commissioners to attempt to allow this credit to the Falls Creek Borough School District, based upon the undue proportion of the school property left in Sandy Township, and requesting that a decree of court directing the payment of $503.96, the proportionate share of the net indebtedness of Sandy Township School District, be paid by the said annexing district.

The single question raised under these exceptions is to be determined by section 110 of the School Code, which reads as follows: "Where any independent school district is abolished and its lands revert to two or more school districts, or where any land heretofore annexed to one school district is made a part of the district in which it is located, or where a new district is made by the creation of a new city, borough, township or independent school district out of one or more, or where the boundary-line of any district lines are changed by the changing of the boundary-lines of any city, incorporated town, borough, township or·independent school district, then in any such case the school districts to which the land has been annexed or from which land has been taken or which have been newly created shall make a just and proper adjustment and apportionment of all school property, real and personal, including funds as well as indebtedness, if any, to and among such school districts. The indebtedness of any independent school district hereby abolished, whose land is wholly within the boundaries of any school district hereby established, shall be assumed and paid and all its personal property acquired by such school district."

The purpose of the section herein referred to was to secure an equitable distribution of the indebtedness by and between the districts affected by the annexation, and in an interpretation of this section that fact must be kept in mind.

In the instant case the learned counsel for the School District of Falls Creek Borough contends that the findings of the commission were an equitable determination of the additional financial burdens created by this annexation to the Falls Creek Borough School District. Reflection upon this proposition leads the court to the conclusion that the learned counsel is not correct.

Under the findings of the commissioners, taking into consideration the indebtedness of Sandy Township School District, and taking into consideration the assessed valuation of the annexed territory and the entire assessed valuation of the Sandy Township School District prior to the annexation, and finding the proper proportion of the assessed valuation that the annexed territory bears to the whole assessed valuation of the School District of Sandy Township prior to the annexation, and charging up to the annexing school district that percentage of the indebtedness that the assessed valuation of the annexing territory bears to the whole, is the only proper equitable determination of the indebtedness to be assumed. The fact that there was no school property in the annexed territory does not add any burden whatever to the

annexing school district. Whatever indebtedness may exist as against the real estate of the school district must be paid by the school district in which the real estate is situated, so that there is no financial responsibility whatever on the part of the annexing district for this indebtedness. It cannot be said that there is any burden placed upon the annexing district of a financial character, in so far as the real estate applies, because of the fact that the annexing territory has the burden and financial responsibility of providing school facilities for the pupils who live within the annexing territory. It is true that there would be additional financial responsibilities added, but it is equally true that the property which is annexed to the school district must pay school taxes, which takes care of the additional expenses involved in the education of the children within the annexing territory. When the contention is raised by the exceptant that this provision of the School Code does not provide for any adjudication of a disproportionate amount of the real estate being outside of the annexed territory, no doubt they had this proposition in mind, it being an attempt to lay down rules to secure a just and equitable adjudication between the parties in interest. It seems to the court that that is the reason that there has been no provision in the section governing this matter to take care of the situation complained of in this issue.

However, the counsel for the annexing territory claims that the provision under discussion is broad enough to include the issue involved here. We cannot so find under the language of that section of the act in question. That is the conclusion reached by Judge Carpenter in the case of School District of Mifflin Township, 65 Pitts. L. J. 489. In discussing the same proposition we have to meet in this issue, the learned court says as to this section: "It is manifest that it was intended to apply, and can apply in detail only, to cases where, as a result of the change in boundaries, school property is involved. In a word, if a change in lines results in transferring school property, then the value thereof must be taken into consideration. The words 'including funds and indebtedness' do not imply that funds and indebtedness are school property. To hold that all school property, real and personal, in each of the districts affected must be valued and the funds and indebtedness of each taken into account in determining whether a part of the district in which there is no school property shall go out free of indebtedness incurred prior to transfer would lead to inextricable confusion and absurd results." The fact that this provision of the School Code does not apply in cases, is silent as to the conditions which arise, as in this case, is an indication that the law is simply carrying out the policy that had existed prior to said School Code.

In the case of Munhall Borough School District *v.* Mifflin Township, 207 Pa. 638, the court therein held that the Act of June 24, 1895, P. L. 259, which act was in effect prior to the enacting of the provisions under consideration, contained no authority to find or decree a balance due to the outgoing or new district for any undue proportion of real estate and movable properties remaining in the old district. The Supreme Court, speaking in that case, stated as follows: "We have before us nothing more than the construction of a statute which by its terms, in so far as it relates to the subject-matter of the plaintiff's claim, gives it no right to demand from the defendant payment for any excess of school property remaining with it after the lines of the new district were drawn." And that is the law at the present time, the court, however, attempting to show that the law is a reasonable and fair one in determining the equities between school districts where territory has been annexed to one of the school districts.

Sandy Township School District v. Falls Creek Borough School District.

In accordance with the finding of the law by the court, the exceptions of the Falls Creek School District are sustained, and the order and decree of court will be made in accordance with the findings of the law in this case.

It does not appear from the report of the commissioners who was at fault in not having this matter adjusted as between the two school districts without the requirements of a commission. However, from the contention on the part of the counsel for the School District of Falls Creek Borough, if that has been the contention of said school district, and the court can only assume that it has, the fault lies with the Falls Creek School District for failure to have this matter adjudicated as between the two school districts. Therefore, the costs should be paid by the said School District of Falls Creek Borough.

The exceptions to the commissioners' report are hereby sustained and the following order of court made:

Now, Oct. 18, 1927, it is ordered and decreed that the School District of Falls Creek Borough pay to the School District of Sandy Township the sum of $503.96, the amount due said Sandy Township School District by virtue of the annexation of territory from the said school district by the School District of Falls Creek Borough, together with the costs of this proceeding.

From John M. Urey, Clearfield, Pa.