## Spring Township School District, Appellant, v. Wyomissing Hills School District.

332

Argued January 23, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles H. Weidner,* with him *William E. Sharman* and *Stevens & Lee,* for appellant.

*Russell H. Yoder, H. F. Kantner* and *Leonard G. Yoder,* for appellee, were not heard.

PER CURIAM, March 19, 1934:

On June 20, 1927, the Borough of Wyomissing Hills was incorporated out of territory within the boundaries of Spring Township, Berks County. A new school district was subsequently created for the new borough separate from the School District of Spring Township, within which it had formerly been comprised. There were no school buildings in the new district, and the

directors of that district refused to assume a share of the indebtedness of the old district. Upon petition of plaintiff, the Court of Common Pleas of Berks County appointed commissioners to make an equitable adjustment of property between the two. Both parties having excepted to the commissioners' report, the court, after hearing, decreed a reapportionment between the two districts of school property, including funds, and of indebtedness. From this decree plaintiff (the old district) appealed, raising the question of jurisdiction of the court of common pleas "to make any apportionment of school property, or to decree that the old district shall pay to the new district a sum of money for real estate remaining in the old district, where there are no school buildings or school property taken by the new district or within its confines," relying on Munhall Boro. School District v. Mifflin Township School District, 207 Pa. 638. That case, however, was decided before the School Code of 1911 was enacted, and in White Township School Director's App., 300 Pa. 422, 426-7, we held that section 111 of the act "changed the prior laws as to payments by one district to the other [citing the Munhall Boro. Case]...... The factors enumerated by the code to be considered are not exclusive nor are the assessed values to be final. The act contemplates any factors or values that may assist in reaching a 'just and proper adjustment and apportionment,'" and, on exceptions taken to the commissioners' report, the court of common pleas has jurisdiction "to hear, consider and determine the questions involved," and, short of fraud, its judgment is final and binding. The whole question of the scope and finality of the jurisdiction of the common pleas court under the code is so fully and clearly discussed in the opinion in the White Township Case that nothing further need be said on this appeal as to those matters.

The appeal is dismissed at cost of appellant.