## Penn Wynne et al., Appellants, *v.* Lower Merion Township.

Argued March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Frank Kingston Smith,* for appellants.

*John E. Forsythe,* Township Solicitor, with him *Edmund B. Spaeth, Jr.,* and *Wright, Mauck, Hawes & Spencer,* for appellee.

OPINION BY ERVIN, J., July 17, 1956:

A complaint was filed in the lower court under §1502 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, as amended, 53 PS §19092-1502, in which it was alleged that Ordinance No. 1111, adopted by the Board of Commissioners of Lower Merion Township, the appellee herein, on March 23,

1955, was invalid for a number of reasons therein set forth. Ordinance No. 1111 amends the Lower Merion Zoning Ordinance of 1927 by down-grading a certain tract from R 3 to R 7, thus permitting apartments where formerly only single-family residences could be erected. The township filed an answer to the complaint together with new matter. The appellants replied to the new matter and thereafter filed a motion for judgment on the pleadings. After argument the lower court entered judgment for the appellee and against the appellants as to all matters of procedure, the lower court holding that it could not consider anything but the legality of the ordinance. Appellants then appealed to this Court. The appellee moved to quash the appeal, contending that the appeal did not question the jurisdiction of the court below or the regularity of its proceedings. Section 1502, supra, under which this action was brought, provides that the order of the court of quarter sessions "shall be conclusive." The scope of our review is limited on certiorari to questions of jurisdiction and regularity of proceedings of the lower court. We have recently had occasion to consider this matter thoroughly and need not further discuss the subject in this opinion. See *Plum Twp. Annexation Case,* 178 Pa. Superior Ct. 376, 116 A. 2d 260, *Wynnewood Civic Assn. v. Lower Merion,* 180 Pa. Superior Ct. 453, 119 A. 2d 799. See also the recent opinion of the Supreme Court in *Addison Case,* 385 Pa. 48, 122 A. 2d 272.

Appellee asks us to quash this appeal for the reason that the appellants have failed to question the jurisdiction of the lower court or the regularity of its proceedings. Appellants, on the other hand, argue that the appeal is addressed solely to the lack of regularity of the procedure of the lower court in granting a judgment on the pleadings in favor of the appellee where

there is not a clear case free from doubt. They further state "We do *not* address our argument to the regularity of the proceedings before the Board of Commissioners of Lower Merion Township."

The real question before the lower court was whether Ordinance No. 1111 (an ordinance which amended the zoning ordinance by reclassifying a tract of land from R 3 to R 7, thus permitting erection of apartment houses where formerly only single-family residences were permitted) was a legal and valid ordinance. The lower court, in order to answer this question, had to determine whether a resolution (passed March 16, 1955, 10 to 4, all of the commissioners being present) which provided: ". . . resolved that the petition be granted and the Township Secretary was directed to have an ordinance prepared for presentation at the next meeting." or whether Ordinance No. 1111 (passed March 23, 1955, 11 to 2) providing for the change of classification from R 3 to R 7, prevailed, notwithstanding 2 of the 11 commissioners later changed their minds and at a meeting held April 20, 1955 endeavored to have their aye votes changed to nay votes. This question clearly had to do with the board's procedure and not the court's. Whether the lower court entered judgment for the appellee could only be determined by the way it answered this question. If it found, as it did, that the only way the zoning ordinance could be changed or amended was by the passage of another ordinance and not by a resolution, its right to enter judgment for the appellee was clear. In such case it could find that the board of commissioners' procedure was correct. We are not concerned with the correctness of the lower court's answer to this question. On this appeal we are concerned only with (1) whether the lower court had jurisdiction of the subject matter and (2) whether its proceedings are

regular. Section 1502 of The First Class Township Code, supra, gave the lower court jurisdiction of the subject matter. We find nothing irregular in the procedure of the lower court.

The appellants filed a motion for judgment on the pleadings. Under Pa. R. C. P. 1034, when a motion is made for judgment on the pleadings such judgment may be entered for either party to the controversy. *Boron v. Smith*, 380 Pa. 98, 110 A. 2d 169. It is argued by appellants that the lower court did not consider the complaint that the board of commissioners enacted the ordinance without first having received the report of the zoning committee of the board. There is no law which requires the board to so do and the lower court committed no procedural error in entering judgment for the appellee. The lower court heard argument and thereafter did exactly what the appellants asked it to do, to wit: enter judgment on the pleadings. All of the facts necessary to a determination of the question of legality of the ordinance were disclosed by the pleadings. If the appellants had not filed their motion for judgment on the pleadings, it is assumed that the matter would have proceeded to a regular hearing. This was prevented by the appellants' action and surely they may not now complain that the court's disposition of the matter was irregular.

We are of the opinion that there is nothing for us to consider on this appeal and that, therefore, we must quash it.

We add that we are firmly convinced that the lower court properly disposed of the matter. We quote with approval the following excerpts from the opinion of President Judge HAROLD G. KNIGHT:

"The procedural questions involved center around the resolution of March 16, 1955, and the Ordinance No. 1111 passed March 23rd of the same year.

"Section 3105 of the First Class Township Law provides that a three-fourths vote of all the commissioners is necessary to adopt an ordinance effecting a change of zoning where there is a protest against the proposed change signed by twenty per centum of the property owners immediately adjacent 'in the rear or in the front or to either side thereof extending one hundred feet therefrom.'

"In this case signed protests were filed by what is alleged to be more than 20% of the adjacent land owners. The resolution of March 16 was adopted by a vote of 10 to 4 and it is obvious that the number 4 is greater than 25% of the number 10; the ordinance of March 23rd, No. 1111, was passed by a vote of 11 to 2 and it is equally plain that the number 2 is less than 25% of the number 14.

"The question then is whether the resolution or the ordinance effected or purported to effect the change in zoning. If the change was effected or attempted to be effected by the resolution, then several secondary questions arise which should be discussed. If, however, the change was effected by the ordinance, then these secondary questions become moot so far as this case is concerned. Zoning was established in Lower Merion Township in 1927 and it was established by an ordinance known as the Lower Merion Zoning Ordinance of 1927; this ordinance has been frequently amended.

" 'An ordinance may be suspended by the municipal governing body at its will, but it cannot be accomplished by a mere resolution or act of less dignity than the ordinance itself. So too, action of comparable dignity is necessary to amend or repeal an ordinance.' Municipal Corporation Law, Antieau, Vol. 1, p. 200.

" 'A resolution is an informal enactment of a temporary nature, providing for the disposition of a par-

ticular piece of administrative business, it is not a law and there is no difference between a resolution and a motion.' *Com. ex rel. Appellant vs. Bitner*, 294 Pa. 549 (1929).

" 'Generally, the amendment can be effected only by an ordinance enacted by the municipal legislative body and not by a mere resolution or order.' *Municipal Corporations, McQuillan*, 3rd Ed., Vol. 8, page 460, and cases therein cited.

" 'A resolution ordinarily is a declaration of a council or legislative body evincing some purpose or intent to do some act, not the doing of the act itself.' *43 C. J. Mun. Corp.*, Sec. 798 ft. n. 79 (a).

" 'An ordinance prescribes a permanent rule or conduct of government. A resolution is of a temporary character.' American and English Encyclopedia of Law, Vol. 17, page 235, cited in *Schaul, Appellant, v. Lancaster City*, 156 Pa. 362-365 (1893).

"These are some of the many authorities examined on this question of the difference between a resolution and an ordinance.

"From these and others we have come to the following conclusion. The public meeting of March 16 held after due notice by advertisement was for the obvious purpose of affording those in favor and those opposed to the change of zoning an opportunity to appear and express their views. The commissioners did not have to take any action at that meeting. Instead they passed a resolution approving the change and directed the Township Secretary to 'have an ordinance prepared for presentation at the next meeting.' As we view it, the resolution did not require the three-fourths vote as it was only an expression of the opinion of a majority of the commissioners of their intention to approve the change in zoning by a formal ordinance. Any time between the passage of the resolution

and the presentation of the ordinance any commissioner could have changed his mind and his vote, in fact, two of them did. If the situation had been reversed and the resolution adopted by an 11 to 2 vote and the ordinance by a 10 to 4 vote, we would have these plaintiffs contending that the ordinance was illegal because it was not adopted by a three-fourths vote. We are of the opinion therefore that Ordinance No. 1111 is a valid piece of legislation so far as the requirement of a three-fourths vote is concerned.

"The minutes of the meeting of March 16th disclose that counsel for the protestants and counsel for the township were requested to file briefs on the question of whether the proposed change constituted spot zoning. No briefs were submitted before Ordinance 1111 was passed and it is contended that the commissioners acted improvidently in passing the ordinance without waiting for the briefs. Whether the change constituted spot zoning is in our opinion a substantive question under the circumstances and not one of procedure. Be that as it may, the commissioners were under no legal obligation to await the briefs, but it does show that the commissioners did not intend to finally approve the change of zoning on March 16th for they desired more information before voting on the actual change.

"It is also contended, by inference at least, that the two commissioners had a legal right to change their votes after the passage of Ordinance 1111 at a stated meeting and after the meeting was adjourned. No authority is cited in support of this contention and indeed we believe no authority could be found. During the course of the meeting if any of the commissioners desired to change his vote on any pending measure we conceive he would be entitled to do it. But after the meeting adjourned and his vote was recorded and the ordinance advertised, if a commissioner wanted to

change his vote he could not do it, especially by simply writing a letter. If such were the law, no one could be sure of what the existing law was or when a legislative act was finally passed. At the meeting of the Board of Commissioners on April 20, 1955, the two commissioners who desired to change their votes made formal application to the Board for permission to do so. The request was properly refused."

Appeal quashed.