## Dreslin v. West Norriton Township

*William Fox*, for plaintiff.

*R. Brownback*, for defendant.

KNIGHT, P. J., March 12, 1957.—This case comes before us pursuant to section 31 of the First Class Township Code of May 27, 1949, P. L. 1955, 53 PS §56502, on a complaint challenging the legality of ordinance no. 177, an amendment to the West Norriton Zoning Ordinance of 1952. An answer was filed and the facts were stipulated. Complainant entered into bond with sufficient security, approved by the court.

On September 18, 1956, the Board of Commissioners of West Norriton Township enacted ordinance no. 177 as an amendment to the West Norriton Township Zoning Ordinance of 1952. Prior to the enactment of ordinance no. 177, there was no district classification "B. P.—Business and Professional" districts in any zoning ordinance of West Norriton Township. Ordinance no. 177 was not referred to a Zoning Commission by the Board of Commissioners of West Norriton Township before its enactment. No such commission exists as a standing commission in West Norriton Township. Ordinance no. 177 does not designate an area to be regulated by the district classification "B. P.—Business and Professional" and there has been no change in the zoning map of West Norriton Township providing for such districts.

Complainants allege that this ordinance is illegal for six reasons. All but two of the reasons attack the ordinance on substantive matters and are, therefore, improperly before the court. In this action we can only look into procedural irregularities in the manner of

passage of this ordinance: Wynnewood Civic Association v. Lower Merion Township, 180 Pa. Superior Ct. 453, 459 (1956). One contention advanced by complainants attacking ordinance no. 177 on procedural matters in its passage was that it was enacted without compliance with section 59 of the First Class Township Code, 53 PS §58106. This section provides:

"In order to avail itself of the powers conferred by this article, the board of township commissioners shall appoint a commission of five citizens, to be known as the Zoning Commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report; and such board of township commissioners shall not hold its public hearings or take action until it has received the final report of such commission. Where a township planning commission exists, it may be appointed as the Zoning Commission."

Complainants contend that ordinance no. 177 is invalid because it was never referred to a zoning commission. There is no merit to this contention. Section 3106 obviously refers to original legislation and not to amendments to a township zoning ordinance. In Penn Wynne v. Lower Merion Township, 181 Pa. Superior Ct. 524, 528 (1956), the Superior Court stated:

"It is argued by appellants that the lower court did not consider the complaint that the board of commissioners enacted the ordinance without first having received the report of the zoning committee of the board. There is no law which requires the board to so do . . ." In Webster's New International Dictionary, Second Ed., "original" is defined as ". . . pertaining to the origin or beginning; preceding all others; first in order or existence; . . . as, the *original* laws of a country . . ."

In Putney v. Abington Township, 176 Pa. Superior Ct. 463, 473 (1954), the Superior Court stated:

"There is no merit in appellees' argument that if amendments to a zoning ordinance must be enacted in accordance with a comprehensive plan such changes would be 'so difficult, cumbersome and expensive as to be prohibitive' because 'a commission' would be required 'to study the entire township and redraft a comprehensive plan before action' on the amendment. This argument over-states the difficulty of complying with the legislative mandate. All that is required is that a change of zoning classification bear some reasonable relation to the scheme of zoning adopted in the basic zoning ordinance."

Section 59 of the First Class Township Code of May 27, 1949, P. L. 1955, 53 PS §58102 provides:

"For any or all said purposes, the board of township commissioners may divide the township into districts of such number, shape, and area as may be deemed best suited to carry out the purpose of this article. Within such districts, it may regulate and restrict the erection, construction, reconstruction, alteration, repair, or use of buildings, structures, or land. All such regulations shall be uniform for each class or kind of buildings throughout each district, but the regulations in one district may differ from those in another district."

Under these broad powers, the Township Commissioners in our opinion could create a new zoning classification and could do it by an amendment to the zoning ordinance.

Perhaps a more difficult question arises when we come to consider whether the commissioners could create a new zoning classification without at the same time designating an area within the township to which the new classification applied.

The industry of counsel and our own research has disclosed no case in Pennsylvania in which this question

has been decided or even discussed. It therefore appears that it is a case of first impression in Pennsylvania, although such "stand by" legislation has been upheld in New York, Rodgers v. Village of Tarrytown, 302 N. Y. 115, 96 N. E. 2d 731 (1951).

There may be a grave question whether this "stand by" legislation does not raise issues of substantive law rather than an issue of procedure. We will, however, discuss it as a question of procedure.

Counsel for plaintiff contends that ordinance no. 177 is a dangerous and vicious piece of legislation, that no property owner could know how his land would be zoned. Zoning confers no vested right on any property owner. The legislative body of his community can change the zoning of his land at any time so long as its action has some reasonable relationship to the public health, safety, morals and welfare. Of course, the change must be made in the manner provided by the statute and the property owner given a full and fair opportunity to protest. A property owner in West Norriton Township is in no more danger of having the zoning of his property changed under ordinance 177 than he was before the passage of that ordinance.

There is nothing in the enabling act which specifically authorizes "stand by" legislation such as ordinance no. 177 and on the other hand there is nothing in the act which specifically forbids it.

The commissioners of West Norriton Township had the authority to say what classes of districts should exist in the township. Zoning was never intended to be static, changes are bound to come particularly in townships that are experiencing a large growth in population such as West Norriton. Looking to the future, the commissioners apparently believed and felt that a classification between residential and commercial would become necessary and passed ordinance no. 177. Future developments may decree where a "B. P." zone should

be set up. This will have to be done by ordinance and the rights of property owners protected. We cannot say that we approve of this type of stand by legislation, but we cannot say that it is illegal so far as matters of procedure are concerned.

As to ordinance no. 177 itself, we pass no judgment as to those questions of substantive law which are mentioned in the brief of the plaintiff, such as spot zoning, the restriction and limitations on the use of land as contained in the ordinance, nor do we pass any judgment as to its constitutionality. These questions are not before us at this time.

And now, March 12, 1957, the complaint is dismissed. The court finds, as to procedural matters, ordinance no. 177 was validly enacted.