## Ardmore Manor Civic Association v. Haverford Township

418

*William J. Taylor, Walter M. Strine, Jr. and John P. Trevaskis, Jr.,* for plaintiffs.

*Domenic D. Jerome,* for defendants.

*Robert E. J. Curran,* for intervenor.

DEFURIA, J., October 30, 1970.—The multifarious provisions of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968 (Act No. 247) art. IX, 53 PS §10901 et seq., as affecting various provisions of the Township and Borough Codes, have created problems of interpretation and application. These problems are especially directed to the effect of express and implied repealers of the MPC and to procedures for appeal.

The issue before this court is whether an attack on the procedure involved in the adoption of an amending

zoning ordinance should follow the provisions of the First Class Township Code of June 22, 1931, P. L. 1206, sec. 1502, 53 PS §56502, or the provisions of the MPC. The former directs that the objection be made by complaint to the Court of Quarter Sessions, now the Court of Common Pleas, and the latter by filing an appeal with the Zoning Hearing Board: MPC sec. 910.

The intervenor, on June 9, 1969, requested the township to create a new zoning classification (Garden-Apartment District), and to reclassify a (his) tract of land to the new district classification.

Pursuant thereto, the township gave public notice and held a public hearing on October 20, 1969. A continued public hearing, pursuant to notice, was held on February 10, 1970.

On April 13, 1970, the township enacted ordinance no. 1386 (created the new Garden-Apartment District) and ordinance no. 1387 (reclassified intervenor's land in said newly-created district).

Plaintiffs, on May 13, 1970, filed their complaint in this court under section 1502 of the First Class Township Code, whereupon the township and the intervenor, separately and individually, filed the preliminary objections which are now before us.

These objections raise the following issues:

1. That plaintiffs, or some of them, are not "aggrieved persons" entitled to complain.

2. That plaintiffs should have proceeded under the provisions of the MPC.

3. That there is no necessity to give notice of the purpose of the meeting at which the ordinances were purportedly adopted.

4. That both pre and post-adopting requirements were fulfilled by reason of due notice and advertisement.

*Are plaintiffs "aggrieved persons"?*

Both the Township Code and the MPC provide for a challenge to an ordinance's validity or legality by "any person aggrieved." In Roeder v. Hatfield Borough Council, 439 Pa. 241, 266 A. 2d 691 (1970), the Supreme Court held that a *resident* of the municipality was an aggrieved person.

Obviously, any resident is affected by a rezoning in his municipality. We take it that a resident corporation would also qualify. But an ad hoc civic association cannot be termed either a person or a resident.

Therefore, we hold that the Ardmore Manor Civic Association, the Brynford Civic Association and the Haverford Taxpayers Association are not aggrieved persons within the meaning of the law.

The complaint identifies these groups merely as unincorporated associations organized for civic betterment or improvement. Laudatory as these aims are, they do not convert the groups, whose members hold these aims, into "persons aggrieved."

The law is fast approaching the point where all citizens and groups will have a right to object to public actions affecting environmental assets belonging to all in common. Until the legislators or the appellate courts act, we must abide by the present law. Suffice to note that in Roeder, supra, the Supreme Court has gone beyond prior decisions and permits residents to object. See Louden Hill Farm, Inc. v. Milk Control Commission, 420 Pa. 548, 550, 551 (1966).[1]

The other plaintiffs are identified as resident owners of realty and taxpayers.

*Is a complaint under section 1502 of the Township Code the proper method to question the procedure in the adoption of a zoning ordinance?*

Defendants allege that plaintiffs must proceed under the provisions of the MPC by appealing first to the zoning hearing board of the township.

[1] This court would permit the civic groups to appear as intervenors.

We believe that this issue has been resolved by the Roeder case, supra, page 247.

While it is true that the statements of the Supreme Court in Roeder[2] directed to the issue before us are dicta, they are directly in point. Occasionally, an opinion of our highest court is advisory in nature, given to explicate and to inform. In Roeder, the court carefully, and at length, construed the provisions of the municipal codes and of the MPC relating to objections and appeals for alleged *procedural* defects in adopting a zoning amendment, and for alleged *substantive* defects in the ordinance itself.

The Supreme Court holds that:

1. Sections 1502 of the First Class Township Code, 702 of the Second Class Township Code, and 1010 of the Borough Code are correlative sections and provisions of the law.

2. All objections testing defects in the process of enactment of an ordinance, or the procedure involved in its adoption, must be brought before the Court of Common Pleas, formerly the Court of Quarter Sessions, within 30 days of the date of the enactment under the appropriate provision of the municipal code: Page 246, footnote.

"The purpose of sections such as 1502, 702, and 1010 is to provide a fast and efficient method of questioning the procedure involved in the adoption of an ordinance": Page 246. It is good public policy to have procedural questions involving the legality of ordinances determined promptly: Page 249.

As the court points out, ordinarily, questions as to substantive validity cannot be raised until a building permit has been issued, which may be months or years later. Until such time, the ordinance is in vacuo, and

---

[2] In Roeder, the attack was to the substantive validity of the ordinance, and appellant had appealed to the zoning hearing board, but the issue was not ripe because no building permit had been issued.

no controversy ripe for judicial intervention exists: Pages 248, 249.

If the attack is on the substantive validity of an ordinance, then issues of fact and interpretation must first be presented to the local Zoning Hearing Board.

Therefore, we hold that plaintiffs have proceeded properly under section 1502 of the Township Code, since they are challenging alleged procedural defects in the enactment of the Ordinances.

*Must a notice of the purpose of a meeting at which the ordinance is adopted be given?*

Plaintiffs admit that proper notice of the public hearing of October 20, 1969, was given.

Section 609 of the MPC provides for advertised notice of a proposed rezoning. Because of the importance of such action, the legislature required, as it does in other similar situations, e.g., bond issues, that the time, place and purpose of the meeting be advertised, thus giving special notice and time for interested citizens to appear and voice their views.

However, not every meeting of the commissioners must be so advertised. While plaintiffs allege that a specific notice of the purpose of the April 13, 1970, meeting was not given, they can cite no law or reason so requiring.

Plaintiffs do not allege that regular notice of the meeting of April 13th was not given.

The Public Officers Act of June 21, 1957, P. L. 392, sec. 3, as amended September 28, 1959, P. L. 987, sec. 1, 65 PS §253 provides:

"Every board shall hold all public meetings at specified times and places, of which public notice shall be given."

Absent a special requirement of notice of the nature of the meeting, the Public Officers Act requires only notice of the meeting itself. It follows, then, that at a public meeting duly held, i.e., after proper notice of

time and place, all matters coming before the board may be acted upon.

Plaintiffs argue that the requirement of notice of the purpose of the "public hearing" carries over and requires notice of the purpose to adopt at a later meeting. Plaintiffs cite no authority. The statute itself terms the first meeting a "public hearing" meeting. Later meetings, however, are in no sense "public hearings," although the public may be heard from.

This issue arises only when the proposed amendment is not adopted at the public hearing meeting, but is later. After the public hearing meeting, the issue is for the commissioners, presumably after thought and discussion. There appears no logical reason to require a further hearing after all persons have had the opportunity to be heard. To require action at the public hearing meeting would be an "ill-advised and cumbersome procedure": Kershaw v. Upper Merion Twp., 26 D. & C. 2d 243 (1961).

The commissioners may act at a later meeting, provided due notice of the time and place of the meeting is given: Kershaw, supra; In re Zoning Amendment of West Goshen Twp., 7 Chester 133; Penn Wynne v. Lower Merion Township, 181 Pa. Superior Ct. 524.

Thus, we hold that the meeting of April 13, 1970, was properly held after due notice, and that the ordinances were proper subjects for adoption at said meeting and were properly adopted thereat.

*What is the effect of the post-adoption advertising requirements?*

Under the First Class Township Code, section 1502, 53 PS §56502(1)(a), an ordinance shall be published once in a newspaper of general circulation in the municipality. Said ordinance shall not become effective until 10 days after the publication aforesaid. The MPC, sec. 611, provides that "such advertisement may consist solely of a reference to the place or places with-

in the municipality where copies of such ordinance or amendment shall be obtainable . . . and available for examination. . . ."

While the township avers full compliance with these provisions, and plaintiffs are less than candid in denying what they know in fact, the court cannot rule on this issue because plaintiffs have alleged noncompliance. Preliminary objections, therefore, cannot reach this issue.

Wherefore, the court enters the following

### ORDER

1. That the preliminary objections are sustained as to Ardmore Manor Civic Association, Brynford Civic Association and Haverford Township Taxpayers Association, and said associations shall be and are removed and stricken of record as plaintiffs herein.

2. That the preliminary objections to the form of this action under section 1502 of the First Class Township Code are refused and dismissed.

3. That the preliminary objections directed to paragraph 27(a) of the complaint averring lack of notice of the meeting of April 13, 1970, at which the ordinances were adopted, are sustained.

4. That the preliminary objections directed to paragraph 27(a) of the complaint averring lack of advertisement of the amendments after adoption are refused and dismissed.

Entered October 30, 1970.