## White Township School Directors Appeal.

Argued March 24, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

424

*William F. Schutte,* with him *Joseph Knox Stone,* for School District of West Mayfield, cited: Twenty-first Senatorial District Nomination, 281 Pa. 273.

*C. R. May,* of *May & Bradshaw,* for School District of White Township, cited: Mifflin Twp. School Dist., 65

Pitts. L. J. 489; Patton Twp. School Dist., 67 Pitts. L. J. 521.

OPINION BY MR. JUSTICE KEPHART, May 12, 1930:

This appeal is from an order apportioning the indebtedness between a new and an old school district. Exceptions were filed to the report of the commissioners appointed under the School Code of 1911, P. L. 309. The court below disposed of them under section 114 (P. L. 312) of the Code, which reads: "In case exceptions are filed to the report of such commissioners, the court shall dispose of the same, taking testimony therein, if it deems advisable, and the decision of the court thereon shall be final and binding on the several districts, without any right of appeal." Both the old and the new district have appealed to this court, and it is now proposed that the entire basis of the apportionment should be reviewed.

Where a statute is silent on the right of appeal, this court may review the case in the broadest sense allowed on certiorari; but where the statute prohibits an appeal, the review is confined to questions of jurisdiction alone, "Where, in a statutory proceeding, the legislature fails to provide for an appeal,......and the action of the tribunal involved is......considered final......a certiorari to inspect the record, in the broadest sense...... may issue; but where the legislature, as in the statute before us, particularly states that no appeal shall be permitted, then review, beyond determining questions of jurisdiction, cannot be had; [nor may a] certiorari for the latter purpose......be broadened......either by our prior rulings on the general subject in hand, or by operation of the Act of April 18, 1919, P. L. 72": Twenty-first Senatorial District Nomination, 281 Pa. 273, 279. See also Bedford v. Rosser, 283 Pa. 345; Com. v. Cicere, 286 Pa. 296; Sterrett v. MacLean, 293 Pa. 557, 560; Walker's App., 294 Pa. 385, 389. Though the legislature cannot take away our right at all times to

examine a case on certiorari to ascertain whether or not the subject-matter is within the jurisdiction of the court below,—in other words, whether that tribunal has the power to act,—yet the scope of our inquiry on certiorari may be limited to that question, and this is done when the legislature denies the right of appeal, as it did in the present case.

Where a school district is divided, and the directors can not amicably agree on a division or apportionment of the indebtedness or property, commissioners are appointed to make the division. Section 111 enumerates certain items to be considered in the apportionment. While this section changed the prior laws as to payments by one district to the other (See Munhall Boro. School Dist. v. Mifflin Twp. School Dist., 207 Pa. 638), the reasons which cause any payment to be made are in substance the same before and since the Code. The factors enumerated by the Code to be considered are not exclusive nor are the assessed values to be final. The act contemplates any factors or values that may assist in reaching a "just and proper adjustment and apportionment." To what extent the commissioners are to take testimony or otherwise enlighten the question in relation to any of the factors is a matter for the ultimate determination of the court of common pleas.

If the report submitted by the commissioners is not satisfactory, exceptions may be taken thereto; the case then comes before the court of common pleas. That court has authority to hear and decide the matter, and for this purpose testimony may be taken. Section 114 of the School Code places no limit on the scope of the investigation which the court may make in the adjustment and apportionment of the property and indebtedness. The act confers jurisdiction on the court below to hear, consider and determine the questions involved. The word "consider" in the act does not mean to decide solely on the bases named, but to give due weight to these items in making a decision. This is for the

commissioners and the court. While the court below may correct a capricious judgment of the commissioners in relation to any factor considered, any judgment of the court itself in relation to the same or any other matters connected with the case is, short of fraud, final. The legislature so makes it. The value placed on these items, the testimony in relation thereto, the consideration of other matters and the judgment founded thereon, are clearly within the exclusive control of the court below; that judgment cannot be interfered with.

The act of assembly has specifically denied the right of appeal. Our right of review is limited solely to the question of jurisdiction over person and subject-matter. The jurisdictional question of subject-matter does not include a consideration of the record to ascertain whether it took into account any or all of the factors laid down by the act, or failed to consider any other item that may have been helpful, or whether or not the judgment was a proper one; to do so would be to substitute our judgment for that of the court of common pleas, and this the act directs we shall not do. An examination of the cases cited above will make the distinction clear. Thus, Bedford v. Rosser was an appeal from the action of the court below in reversing the salary board on the question of wages for a so-called "coal clerk," or "engineer," and we held that as the act under consideration provided only for a "clerk," neither the court below nor the salary board had the power to create or fix the salary for a coal clerk or an engineer; the question under review was one of jurisdiction to do the thing complained of. In Walker's Appeal, the appointment of an "investigator" was overthrown for the same reason. On the other hand, Twenty-first Senatorial Dist. Nomination involved the failure to consider certain evidence and to give due weight to other testimony, in other words, whether the court below reached a correct judgment. We there refused to go into the record to decide this as we were without jurisdiction to do so. Com. v.

Cicere was along the same line; there the court below refused a new trial after hearing after-discovered evidence; in both, no protest was made against the inherent right of the lower court to make the order in the case,—the objections went only to the failure to consider evidence or the weight to be given thereto.

In our system of jurisprudence at common law, common pleas courts are vested with sole and exclusive responsibility for the determination of certain litigation, and the legislature, in creating new duties which call for supervision or correction of administrative activities of government by the courts, may, in its wisdom, place on designated courts the exclusive function of deciding the disputed questions relating to such activities as may be brought before it; in this class of cases that function must be performed by such courts; they cannot shift their obligation or duty to appellate tribunals nor may we take it from them. Acts within the scope of their authority cannot be inquired into by a higher tribunal. We may determine whether the given act is properly within the scope of their power, but the manner of its performance, or the propriety or fairness of the conclusion, is not the subject of review.

Where a statute provides that the decision of the court below shall be final, or uses words of similar import, it has the same effect as if the legislature had said that no right of appeal is permitted, as here. See Com. v. Cicere, supra.

The judgment of the court below is affirmed.