Griffith, Appellant, *v.* McCandless Township.

310

Argued October 4, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*William F. Beatty,* for appellants.

*Robert Van Der Voort,* with him *Rahauser, Van Der Voort, Royston, Robb & Leonard,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, January 2, 1951:

This is an appeal from an order sustaining preliminary objections to a taxpayers' bill in equity against the Supervisors of the second class Township of McCandless, Allegheny County. The bill challenges the validity of (1) an ordinance creating a water district and (2) a contract entered into pursuant to said ordinance between the Township and the Municipal Authority of the Borough of West View whereby water supply would be secured for said district.

Section 1601 of The Second Class Township Code, Act of 1947, P.L. 1481, 53 PS §19093-1601, provides: "The supervisors of any township may, by contract

with any private corporation or any adjacent municipality owning a waterworks system, provide for a supply of water for public and private uses to be delivered through lines owned by such company or municipality within such township, or any part thereof. The contract shall provide how and in what manner the cost of such water service shall be paid by the consumers thereof."

Section 1609, 53 PS §19093-1609, provides: "Whenever the taxpayers of any section of a township whose property valuation, as assessed for taxable purposes within such section, shall amount to fifty per centum of the total property valuation, as assessed for taxable purposes within such section, shall, by petition, so request, the supervisors of such township shall constitute such section into a water district or divide it into several water districts. . . ."

Following a petition by property owners an ordinance was passed by the Township of McCandless on April 22, 1949, effective May 3, 1949, creating Water District No. 2. The ordinance, after describing the water district generally and by map made a part thereof, authorized the supervisors to enter into a contract with the Municipal Authority of the adjacent Borough of West View for the furnishing by the latter of a water supply for public and private use in the district. Pursuant thereto a contract was entered into on June 15, 1949.

Under the terms of the contract, the Authority agreed to supply water service to the water district and install the necessary distribution lines of the estimated length of 2,430 feet, with the right to designate their size and diameter, and the Township agreed to pay to the Authority $12,744.49 toward the cost of the installation. The Authority would own the extension and pay for the maintenance and repair thereof. The sum of

$12,744.49 paid to the Authority toward the cost of installation would be recouped by the Township through assessment against the property owners in the water district, and if the entire cost could not be thus recovered, through rental charged users of the water supply.

Appellants contend that (1) the ordinance is invalid for the reasons that (a) 50% of property holders did not sign the petition and the petition was not certain as regards the limits of the water district to be created, and (b) the Township Supervisors were unlawfully permitted thereby to delegate to the Authority their power to build a water distribution system, resulting in avoidance of public bidding requirements of the Code and relinquishment of discretion as to the size of pipe, and (2) the contract is invalid for the reasons that (a) it was made without competitive bidding and (b) no provision is made for amortization of cost charged consumers of water. The Township contends that (1) attack upon the ordinance must be made, if at all, by complaint to the court of quarter sessions within 30 days after the effective date of the ordinance, pursuant to the provisions of Section 702-XLI, 53 PS §19093-702-XLI, (2) Section 802 of the Township Code, 53 PS §19093-802(d), specifically excepts from the public bid provision all contracts with municipal authorities and (3) matters relating to amortization of cost are relevant only in a rate proceeding, the jurisdiction of which is in the court of common pleas. The order appealed from will be affirmed.

Section 702 of the Township Code, 53 PS §19093-702-XLI, relating to the power of the Township with regard to adoption of ordinances, method of enforcement and method of challenging the legality thereof provides, *inter alia,* "Any person aggrieved may, within thirty days after any ordinance or resolution takes ef-

fect, make complaint as to the legality of such ordinance or resolution to the court of quarter sessions upon entering into recognizance with sufficient surety to prosecute the same with effect, and for the payment of costs. The determination and order of the court thereon shall be conclusive."

Where a specific procedure is designated as the means by which the legality of an ordinance shall be challenged, the remedy thus provided is ordinarily exclusive: *Whitney v. Jersey Shore Borough,* 266 Pa. 537, 109 A. 767. In that case this Court held that where the Borough Code provided an adequate remedy by judicial review on complaint to the court of quarter sessions for determination of the legality of an annexation ordinance, equity did not have jurisdiction to review and declare such ordinance void. *Pittsburg's App.,* 79 Pa. 317 and *Sample v. Pittsburg,* 212 Pa. 533, 62 A. 201, relied upon by the appellant here, were held in *Whitney v. Jersey Shore Borough,* supra, no longer controlling where a specific provision in the Code provided for review in a court of quarter sessions. *English v. Robinson Township School District,* 358 Pa. 45, 55 A. 2d 803, also cited by appellant, is inapposite. In that case the attack upon the ordinance related not to the manner of its passage nor to procedural irregularities but to the constitutional or statutory authority of the municipality to enact the ordinance.

The contentions that the Township Supervisors should have constructed the distribution system and were without lawful authority to enter into a contract therefor with the Municipal Authority without competitive bidding cannot be sustained. Section 802(d) of the Township Code, 53 PS §19093-802(d), expressly excepts from the provisions for competitive bidding for all contracts or purchases in excess of $500, contracts made with "any municipal authority".

Section 1601 of the Township Code, *supra*, confers upon the Supervisors power to provide for a supply of water for public and private use. There is no restriction upon that power requiring ownership of the facilities by the Township. The language used clearly indicates a legislative intention to enable supervisors of second class townships not desirous of undertaking the responsibilities of constructing, operating and maintaining a public waterworks to nevertheless provide by contract for the furnishing of an adequate water supply for inhabitants and industry within the township. While the township supervisors have also been given power to accomplish the same end through ownership of the lines by the township (Section 1602, 53 PS §19093-1602) or ownership of the entire system (Section 1604, 53 PS §19093-1604), the Township under Section 1601 could properly provide for a supply of water for public and private use by contracting with the Municipal Authority of the Borough of West View.

The contract is not rendered invalid by reason of any unlawful delegation of power to the Authority. *Lighton v. Abington Township,* 336 Pa. 345, 9 A. 2d 609, relied upon by appellants, does not deny to political subdivisions the power to enter into a contract of the nature presently before this Court. Section 20 of Article III of the Constitution of this Commonwealth prohibiting delegation to a private corporation of "any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever" was there held to prevent a township which owned a sewage system from issuing bonds which provided that if default occurred the private corporation could take over and operate township property. The contract in the instant case contains no such provision and further is a contract

with a municipal authority which will own and operate the distribution system involved.

The provision in the contract relating to an assessment against properties to be benefited by the introduction of a water supply as well as the payment of water rentals is consistent with Section 1610 of the Code (53 PS §19093-1610). It is contended that the contract in this regard is improvident for the further reason that consumers will not only be assessed a portion of the $12,744.49 paid by the Township to the Authority, but will also pay current rates to the Authority which are based upon an amortized cost of the distribution system. There is no averment that any rate has been fixed or charged by the Authority for the service rendered or to be rendered to appellants. In any event, the reasonableness of the rates may only be determined in a proper proceeding in a court of common pleas: Municipality Authorities Act of 1945, P.L. 382, Section 4, 53 PS §2900z-5; *Rankin v. Chester Municipal Authority*, 165 Pa. Superior Ct. 438, 68 A. 2d 458. In the event of such proceeding, the propriety of the inclusion of the $12,744.49 in the rate base of the Municipal Authority will be determined.

The Supervisors had authority to enter into the challenged contract with the Municipal Authority for a supply of water. They are presumed to have acted in good faith. The cost to the Township will be liquidated and the Township has avoided the cost of maintenance and repair of the facilities and of administration of a waterworks system. Those who have received the benefit will pay for it. There is nothing improvident or unlawful in the manner by which the end will be achieved.

Order affirmed.