Wynnewood Civic Association et al., Appellants, *v.* Lower Merion Township.

Argued October 5, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Desmond J. McTighe,* with him *Duffy, McTighe & McElhone,* for appellants.

*Edmund B. Spaeth, Jr.,* with him *John E. Forsythe,* Township Solicitor, and *Wright, Mauck, Hawes & Spencer,* for township, appellee.

*Robert L. Trescher,* with him *C. Brewster Rhoads,* and *Montgomery, McCracken, Walker & Rhoads,* for intervenor, appellee.

OPINION BY WOODSIDE, J., January 17, 1956:

This is an appeal from an order of the Court of Quarter Sessions of Montgomery County dismissing a complaint by which the appellants sought to have the court declare invalid an ordinance of a first class township amending a zoning ordinance.

On December 8, 1952 the Commissioners of Lower Merion Township, by a vote of 9 to 4, enacted Ordinance No. 1031 which amended the township's zoning ordinance by changing the classification of a tract of land of approximately 15 acres from R3 and R4 residential districts to an R7 residential district. Under the township's zoning ordinance apartment houses may be constructed in R7 residential districts but not in the other two.

The Wynnewood Civic Association, a non-profit corporation, and a number of property owners in the

neighborhood of, but not within, the redistricted area, filed a complaint in the Court of Quarter Sessions of Montgomery County on December 26, 1952 contending that the ordinance of December 8 was illegal for a number of specified reasons some of which related to procedural matters and some of which did not.

The complaint was filed under the provisions of Clause I, Section 1502 of The First Class Township Code of June 24, 1931, P. L. 1206, as amended, 53 PS 19092-1502(I), which provides, inter alia, as follows:

"Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions upon entering into bond with sufficient security to be approved by the court to prosecute the same with effect and for the payment of costs by any person aggrieved, within thirty days after any ordinance or resolution takes effect. The determination and the order of the court thereon shall be conclusive. In cases of the laying out of streets over private property the court shall have jurisdiction to review the propriety as well as the legality of the ordinance."

The township asked the Montgomery County Court to dismiss the proceedings for lack of jurisdiction contending that the only remedy available to complainants was under the provisions of The First Class Township Code relating specifically to zoning, namely, an appeal to the Board of Adjustment and then the Court of Common Pleas of Montgomery County. The Court of Quarter Sessions of Montgomery County decided against the township on this point, and its action was affirmed by this Court in *Wynnewood Civic Association v. Lower Merion Township*, 175 Pa. Superior Ct. 20, 102 A. 2d 423 (1954).

The township then presented a petition to the court of quarter sessions on which a rule was allowed to show cause why the hearing to be held pursuant to the

complaint should not be limited to procedural defects in the passage of Ordinance 1031.[1] After argument the lower court wrote an opinion dated May 28, 1954 in which it made absolute this rule, thus limiting itself to the consideration of the procedural defects in the passage of the ordinance. Evidence was then taken before President Judge HAROLD G. KNIGHT on January 12, 1955, following which the lower court wrote an opinion dismissing the complaint and then wrote another opinion on the exceptions in which final judgment of that court was entered dismissing the complaint on May 27, 1955.

After an appeal from that order was filed in this Court, the township moved to quash the appeal, contending that the appeal did not question the jurisdiction of the court below or the regularity of that court's proceedings, and that there was no right of appeal for any other purpose.

Section 1502, supra, under which this action was brought, provides that the order of the court of quarter sessions "shall be conclusive."

Where a statute says that the order of a court shall be "conclusive" or "final", it is the same as if it would say "there shall be no appeal." *Plum Township Annexation Case*, 178 Pa. Superior Ct. 376, 381, 116 A.

---

[1] In this opinion we shall discuss the procedural defects in the passage of the ordinance and the regularity of the court's proceedings. Although both of these matters relate to procedure, they are entirely separate considerations and care must be taken not to confuse the two. "Procedural defects in the passage of the ordinance" relates to the proceedings before the township commissioners. "Court's proceedings" relates only to the procedure followed by the court below. In making reference to procedural matters we have tried to make it clear throughout the opinion whether we are referring to the proceedings before the township commissioners or the proceedings in the lower court.

2d 260 (1955). Allocatur refused 178 Pa. Superior Ct. xxix.

Where a statute expressly provides there shall be no appeal the scope of appellate review is limited to the question of jurisdiction of the lower court, and the regularity of its proceeding. The merits of the controversy cannot be considered even when the interpretation given to the facts or the law by the court may have been erroneous. *Kaufman Construction Co. v. Holcomb*, 357 Pa. 514, 518, 55 A. 2d 534 (1947).

Although the courts of Pennsylvania have vacillated on the scope of appellate review where the legislature has provided that there shall be no appeal, this Court has considered the matter three times during the past year and the majority has followed the above rule each time. *Saxony Construction Co. Appeal*, 178 Pa. Superior Ct. 132, 113 A. 2d 342 (1955); *Plum Township Annexation Case*, supra; *Boyle's Appeal*, 179 Pa. Superior Ct. 318, 116 A. 2d 260 (1955); See also *Wright v. France*, 279 Pa. 22, 25, 123 A. 586 (1924); *Delaware County National Bank v. Campbell*, 378 Pa. 311, 106 A. 2d 416 (1954).

This rule is in accord with that of other jurisdictions, nearly all of which have recognized, with greater consistency than Pennsylvania, the right of the legislature to limit appellate review. See 4 C.J.S., Appeal and Error, §§1, 8a and 18; 174 A.L.R. 194 et seq.

The majority of this court is of the opinion that the scope of our review in this appeal is limited to considering the jurisdiction of the court below and the regularity of the proceedings in that court.

We accordingly come to the conclusion that one of the questions raised by the appellant in this appeal relates to the jurisdiction of the court below and is properly before us, but that the decision of the court

below on the other question raised here is conclusive and cannot be reviewed by us.

Let us look first at the question which we cannot review because the determination of the court below is conclusive.

It is the contention of the appellant that under Section 3105 of the First Class Township Code, supra, 53 PS 19092-3105 it was necessary that there be a favorable vote of three-fourths of all the members of the Board of Township Commissioners to pass the above ordinance.

The above section provides that if there is a protest against a proposed change in a zoning ordinance "signed by the owners of twenty per centum or more, either of the area of the lots included in such proposed change, or of those immediately adjacent in the rear or in front or to either side thereof extending one hundred feet therefrom" the three-fourths vote shall be required. None of the objecting property owners had title to any land within 100 feet of the rezoned tract, primarily because a strip of 150 feet between the objectors' properties and the rezoned area was not affected by the ordinance.

Although we think the lower court correctly decided this question adversely to the appellant for the reasons set forth in its opinion,[2] we shall not decide the question on appeal because a majority of our Court is of the opinion that the order of the court below on this question is final. The question has to do with procedure before the commissioners but it has nothing to do with the lower court's jurisdiction or the proceedings in the court below. If this were the only question raised on this appeal we would, therefore, have quashed it.

---

[2] See *Putney v. Abington Township*, 176 Pa. Superior Ct. 463, 108 A. 2d 134 (1954).

There is, however, another question. It is whether when proceeding under section 1502 of The First Class Township Code, supra, the complainant can raise questions relating to the constitutional or statutory authority of the municipality to enact the ordinance as well as to the manner of the ordinance's passage and to procedural irregularities. The lower court refused to receive any evidence or consider any argument concerning the invalidity of the ordinance except as it related to the manner of its passage and to procedural irregularities in its passage. It is argued that this action by the court below did not relate to that court's jurisdiction or to the procedure before it, but rather involved the interpretation of The First Class Township Code. We are of the opinion, however, that the lower court's action did limit its jurisdiction (as the term is used in its broad sense) in the proceedings of this case.

Thus, whether the lower court was right in limiting its jurisdiction by refusing to consider these questions is a matter which we may review on appeal.

Passing from the scope of *our* review, to the question raised in this appeal, which relates to the scope of *the lower court's* review, we think that court properly limited the scope of its review to procedural defects or irregularities.

A provision similar to section 1502, supra, is found in The Second Class Township Law of May 1, 1933, P. L. 103 as amended and supplemented by Cl. XLI of §702, 53 PS §19093-702 (XLI) and in The General Borough Act of May 4, 1927, P. L. 519, §1010, as amended, 53 PS §12900.

In *Griffiths v. McCandless Township,* 366 Pa. 309, 313, 77 A. 2d 430 (1951) the Supreme Court indicated that an attack upon an ordinance made under the above provision in The Second Class Township Law

similar to section, 1502, supra, is improper when it is "related not to the manner of its passage nor to procedural irregularities but to the constitutional or statutory authority of the municipality to enact the ordinance." See, also, *Wright v. France,* supra, involving the corresponding provision in the Borough Act.

When this matter was previously before us we discussed this question, but did not decide it. The lower court in its opinion of May 28, 1954 (the first of the three written subsequent to our prior consideration of the matter) relying upon *Griffith v. McCandless Township,* supra, and what we had said when this case was before us, limited its consideration to procedural defects in the passage of the ordinance.

After referring to the case of *Griffith v. McCandless Township,* supra, Judge KNIGHT stated as follows:

"In the above case we have at least a strong implication that only procedural questions can be considered in an appeal under Section 1502 of the First Class Township Code.

"An examination of Section 1502 itself is persuasive that the legislature did not intend that questions of constitutional and substantive law could be considered in an appeal to the court of quarter sessions under the provisions of the section.

"Appeals under Section 1502 must be taken within thirty days. . . . Persons may not consider themselves aggrieved by the enacting of an ordinance but may become very much aggrieved when its enforcement affects their property. In the present case no construction of an apartment house has started and no application for a permit to build one made; the land may be used for the building of single homes, against which there is no objection. Whether the ordinance is reasonable or unreasonable, whether or not it is an arbitrary abuse of

discretion, whether it comes within the police power purposes of zoning legislation, depends very much on what is attempted under its provisions. To declare that this ordinance is constitutional, reasonable and a valid piece of zoning legislation at this time and foreclose the right of any person to question it on these grounds in the future would in our opinion, . . . 'deprive proper parties of rights which they are entitled to have otherwise determined.'

"On the other hand, it is both fair and reasonable, as well as good public policy, to hold that any attack on an ordinance because of some technical irregularity in passing it must be made within thirty days."

The appellant cites the following cases, brought under section 1502, supra, or its corresponding provisions in the other codes, in which courts considered the type of questions which the lower court here refused to consider. *Kistler v. Swarthmore Borough,* 134 Pa. Superior Ct. 287, 4 A. 2d 244 (1939); *Leech Appeal,* 371 Pa. 84, 91, 89 A. 2d 351 (1952). In neither of these cases was the question here presented either raised or discussed.

There are also cases in which the legality of ordinances has been considered in equity, such as *Panther Valley Television Company v. Summit Hill Borough,* 376 Pa. 375, 102 A. 2d 699 (1954); *Haller Baking Company v. Rochester Borough,* 118 Pa. Superior Ct. 501, 180 A. 108 (1935). If the appellant's position as to the interpretation of section 1502, supra, is correct, none of these cases could have been properly brought in equity because there would have been an adequate remedy at law.

In our former opinion we said: "It is good public policy to have procedural questions involving the legality of ordinances determined promptly while wit-

nesses are available and their recollections fresh. For ordinances, long recognized and accepted as the law of the township, to be declared illegal years after their passage because of procedural defects could lead to many undesirable results.

"But there is serious doubt whether substantive questions should be determined on the basis of what might and might not happen. Should not the parties and the situation existing in the neighborhood at the time the permit is sought be considered in the determination of such questions?"

It is to be noted that the procedure to attack ordinances and resolutions provided in Section 1502 relates not only to zoning ordinances but to all types of ordinances and resolutions. The legality of many of them, particularly the licensing and regulatory ordinances, often depends upon facts and circumstances which exist at the time they are applied, frequently many years after their passage, which are often quite different from the facts and circumstances existing at the time of the passage of the ordinance.

The lower court gave this case most careful consideration and we believe it came to the correct conclusion.

Order affirmed.