## McArthur *v.* Mt. Lebanon Township, Appellant.

Argued September 28, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Frank L. Seamans,* with him *Donald C. Winson,* and *Eckert, Seamans & Cherin,* for appellant.

*Jack W. Plowman,* with him *Robert Raphael,* and *Rose, Houston, Cooper and Schmidt,* for appellees.

OPINION BY MR. JUSTICE COHEN, December 1, 1960:

This is an appeal from an order of the Court of Quarter Sessions of Allegheny County declaring an ordinance null and void.

The Township of Mt. Lebanon, defendant-appellant, enacted an ordinance purporting to condemn a portion of the property belonging to plaintiffs-appellees for a "walkway" which would serve primarily as a passageway for school children.

The appellees filed a complaint with the court below challenging the legality of the ordinance and claiming that a first class township was not empowered to exercise the power of eminent domain for such purposes. The appellant maintained that the township was empowered to enact such an eminent domain ordinance and also asserted that the court of quarter sessions did not have jurisdiction to consider the substantive question, but was limited to deciding questions of procedural irregularities in the ordinance's enactment. After testimony the court below ruled that the ordinance was null and void since the appellant did not have the statutory authority to enact said ordinance. This appeal followed.

We must vacate the order since the court of quarter sessions exceeded its powers by considering matters other than the regularity of the procedure followed in enacting the ordinance.

The complaint was filed in the Court of Quarter Sessions of Allegheny County under the provisions of Clause I, Section 1502, of the First Class Township Code of June 24, 1931, P. L. 1206, as amended, 53 PS §56502 which provides, inter alia, as follows: "Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions upon entering into bond with sufficient security to be approved by the court to prosecute the same with effect and for the payment of costs by any person aggrieved, within thirty days after any ordinance or resolution takes effect. The determination and the order of the court thereon shall be conclusive. In cases of the laying out of streets over private property the court shall have jurisdiction to review the propriety as well as the legality of the ordinance."

The purpose of §1502, as indicated in *Griffith v. McCandless Township*, 366 Pa. 309, 313, 77 A. 2d 430 (1951), and *Wynnewood Civic Association v. Lower Merion Township*, 180 Pa. Superior Ct. 453, 119 A. 2d 799 (1956), is to provide a fast and efficient method to question the legality of the procedure involved in the adoption of a first class township ordinance. Thus, these matters can be litigated while witnesses are available and their recollections fresh. A need for the procedure set forth in §1502 is obvious since it is highly undesirable to have ordinances, long recognized and accepted as the law, declared illegal years after their passage because of procedural defects. Similarly, by limiting the time for an appeal, we are certain that §1502 did not intend to foreclose appeals concerning the constitutionality of ordinances as applied in situa-

tions that developed subsequent to the thirty day period.

Our conclusions in this matter are bolstered by a reading of that portion of §1502 which requires that "the determination and the order of the court thereon shall be conclusive." Undoubtedly, the legislature did not intend to entrust the court of quarter sessions with the conclusive determination of such substantial questions as constitutionality or the statutory authority of a municipality to enact an ordinance and, hence, preclude the courts of equity or the courts of common pleas from exercising their traditional supervision, or to restrict our appellate review to an appeal by certiorari. It is much more reasonable to believe that, in proceedings under §1502, the propriety of the method and the procedure that contributed to the ordinance's enactment are the only questions which the court of quarter sessions can consider.

Order of the court below is vacated.

Mr. Justice BELL dissents.