## Greensburg School District Appeal.

Argued March 13, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Vincent E. Williams,* with him *Smith, Best & Horn,* for appellant.

*Sidney M. Ruffin,* with him *A. Frank Steiner,* and *Burgwin, Ruffin, Perry & Pohl,* for appellee.

OPINION BY MR. JUSTICE BELL, April 17, 1961:

This appeal which is in the nature of a narrow certiorari was taken from a judgment of the Court of Common Pleas of Westmoreland County entered against the School District of the City of Greensburg, the present appellant.

This controversy arose after the City of Greensburg had annexed a portion of Hempfield Township known as "Estelle Heights." The annexation occurred in 1955. On November 29, 1956 the State Council of Education, after having previously disapproved the annexation, approved the annexation of "Estelle Heights" for school purposes. Thereafter representatives of the Greensburg School District and the Hempfield Town-

ship School District met in an effort to reach an amicable agreement for the apportionment and adjustment of the assets and indebtedness of the two school districts. When this failed, the Hempfield School District petitioned the Court below for the appointment of Commissioners under the Provisions of the Public School Code of March 10, 1949, P. L. 30, §§272, 273, 24 P.S. §§2-272, 2-273. Commissioners were appointed, a hearing was held and thereafter a report was filed by them with the Court below. The Commissioners awarded the sum of $19,086.69 to the Hempfield Township School District; this sum was to be paid by the Greensburg School District.

The Greensburg School District filed exceptions to the report alleging, inter alia, (1) that the Commissioners exceeded their jurisdiction by considering the indebtedness of the Hempfield Area Joint School Building Authority and the Hempfield Township School Building Authority and (2) that the Commissioners failed to fully exercise their jurisdiction by failing to award Greensburg School District part of the assets of Hempfield Township School District. The exceptions were heard by the Court below en banc, which affirmed the report of the Commissioners and entered judgment thereon.

The Public School Code, supra, §275, provides pertinently: "In case exceptions are filed to the report of the commissioners, the court shall dispose of the same, . . . The decision of the [lower] court thereon shall be final and binding on the several districts, *without any right of appeal.*"*

In *Dauphin Deposit Trust Co. v. Myers,* 388 Pa. 444, 130 A. 2d 686, the Court said (page 460) : "Where [as here] a statute expressly provides that there shall be no appeal or that the decision of an administrative

---

* Italics throughout, ours.

agency or of a Court shall be final or conclusive and not subject to review 'the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous." *Scott Township Appeal,* 388 Pa. 539, 130 A. 2d 695; *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 55 A. 2d 534; *White Township School Directors Appeal,* 300 Pa. 422, 150 A. 744. In *White Township School Directors Appeal,* supra, the Court said (pages 426, 427) : "If the report submitted by the commissioners is not satisfactory, exceptions may be taken thereto; the case then comes before the court of common pleas. That court has authority to hear and decide the matter, and for this purpose testimony may be taken. Section 114 of the School Code places no limit on the scope of the investigation which the court may make in the adjustment and apportionment of the property and indebtedness. The act confers jurisdiction on the court below to hear, consider and determine the questions involved. . . . While the court below may correct a capricious judgment of the commissioners in relation to any factor considered, any judgment of the court itself in relation to the same or any other matters connected with the case is, short of fraud, final. The legislature so makes it. The value placed on these items, the testimony in relation thereto, the consideration of other matters and the judgment founded thereon, are clearly within the exclusive control of the court below; that judgment cannot be interfered with."

This appeal does not and cannot question the regularity of the proceedings in the Court below, but it does question the exercise of jurisdiction by that Court and by the Board of Commissioners appointed by it, although it would have been more appropriate to ques-

tion the possible excess of powers. Generally speaking, a question of jurisdiction of the subject matter or of the cause of action relates solely to the competency of the particular Court to determine controversies of the general class to which the case presented belongs: *Dozor Agency v. Rosenberg,* 403 Pa. 237, 169 A. 2d 771; *Dauphin Deposit Trust Co. v. Myers,* 388 Pa., supra; *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491; *Witney v. Lebanon City,* 369 Pa. 308, 85 A. 2d 106; *Skelton v. Lower Merion Township,* 298 Pa. 471, 148 A. 846. As we understand Appellant's argument, its real complaint is not with the competency or jurisdiction of the Commissioners or of the Court over the subject matter in general, but (a) the consideration and evaluation or apportionment of certain matters, namely, the indebtedness of the Hempfield Area Joint School Building Authority and the Hempfield Township School Building Authority (on the one hand) and (b) (on the other hand) the failure of the Court and Commissioners to consider or properly evaluate other matters and fully exercise or apply their powers. This argument and contention is in reality addressed to the merits of the controversy and an allegedly erroneous interpretation of their powers or of the law.

The questions which appellant seeks to raise and have this Court decide are very important but they do not go to jurisdiction and the Act restrains us from passing upon them.

Judgment affirmed.