Ellison, Appellant, v. Mount Lebanon Township.

Argued January 9, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John B. Nicklas, Jr.* and *Gustav W. Wilde*, with them *McCrady & Nicklas*, for Ellison and Brindle, appellants.

*Donald C. Winson*, with him *Frank L. Seamans*, and *Eckert, Seamans & Cherin*, for Township of Mount Lebanon, appellee.

*David McNeil Olds*, with him *G. Donald Gerlach*, and *Reed, Smith, Shaw & McClay*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 19, 1963:

Kaufmann, the intervening defendant below, is the owner of an 18 acre tract in Mt. Lebanon Township. At the time Kaufmann purchased this property it was zoned "R-1" or "R-2" Residential. In 1961 an ordinance was adopted by the Township Commissioners by a vote of 3 to 2, which rezoned a large tract or area, including 5.8 acres, of Kaufmann's total tract. The ordinance, enactment of which was opposed by many owners of property in the neighborhood, down-graded the tract to "C" Commercial. The purpose, objective and intent of the ordinance was to allow Kaufmann to erect on said 5 acre tract a department store.

Pursuant to Section 1502 of the First Class Township Code of June 24, 1931,* and within the thirty days time limit required by the ordinance, a number of protestants appealed to the Quarter Sessions Court of Allegheny County the legality of the ordinance.

The basis for the appeal was, and in this Court still is, the contention that the ordinance was illegal because it was not enacted by a vote of three-fourths of all the members of the Township Commission as required by the Township Code. Appellants contend that such a vote was required (a) under Section 3105 of the Township Code because they are the owners of 20 percent of all property within 100 feet of the area rezoned; and (b) under Article XV, §1, of the Ordinance since they are the owners of 20 percent of all property within 200 feet of the property which was rezoned.

The Court below dismissed the appeal, because (1) the protestants had not brought themselves "factually" within the terms of Section 3105 of the Township Code; and (2) Article XV, §1 of the Ordinance was in conflict with the Township Code and therefore invalid. From that Order of the Quarter Sessions Court, two protestants took the present appeal to this Court.

Section 1502 of the Township Code reads in pertinent part: *"Complaint as to the legality of any ordinance*** or resolution may be made to the court of quarter sessions . . . within thirty days after any ordinance or resolution takes effect. The determination and the order of the court thereon shall be conclusive . . . ."*

In *DeVito v. Civil Service Commission,* 404 Pa. 354, 172 A. 2d 161, the Court aptly said (pp. 357, 358): "It is the general rule that 'Where a statute expressly provides that there shall be no appeal or that the de-

---

* P. L. 1206, as amended, 53 P.S. §56502.

** Italics throughout, ours.

cision of an administrative agency or of a Court shall be final or conclusive and not subject to review "the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous:" '* Dauphin Deposit Trust Co. v. Myers, 388 Pa. 444, 460, 130 A. 2d 686; Greensburg School District Appeal, 403 Pa. 243, 245-246, 169 A. 2d 774; Scott Township Appeal, 388 Pa. 539, 130 A. 2d 695; Kaufman Construction Co. v. Holcomb, 357 Pa. 514, 55 A. 2d 534; White Township School Directors Appeal, 300 Pa. 422, 150 A. 744 . . . ."

The present appeal falls within the general rule and is ruled by the principles therein stated. Even more important, this case is ruled by *McArthur v. Mt. Lebanon Township,* 402 Pa. 78, 165 A. 2d 630, where, in construing Section 1502 of the First Class Township Code of 1931, as amended, supra, the Court said (pp. 80, 81) : "The purpose of §1502, as indicated in Griffith v. McCandless Township, 366 Pa. 309, 313, 77 A. 2d 430 (1951), and Wynnewood Civic Association v. Lower Merion Township, 180 Pa. Superior Ct. 453, 119 A. 2d 799 (1956), is to provide a fast and efficient method to question the legality of the procedure involved in the adoption of a first class township ordinance. Thus, these matters can be litigated while witnesses are available and their recollections fresh. . . .

". . . in proceedings under §1502, the propriety of the method and the procedure that contributed to the ordinance's enactment are the only questions which the court of quarter sessions can consider."

Since the Board of Commissioners had authority and the Court of Quarter Sessions had jurisdiction,

---

* There are two exceptions to this general rule, but they are inapposite in the instant case.

and since the proceedings in that Court were regular, the appeal must be dismissed.

Order affirmed.