464

Palmeri, Appellant, *v.* Penn Hills Township.

Argued November 16, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Leonard L. Martino* and *Joseph J. Pass, Jr.,* with them *Louis C. Glasso,* for appellants.

*Clem M. Strobel,* for township, appellee.

*Harry Woodruff Turner,* with him *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for corporation, appellee.

*Delbert McQuaide,* and *Love & Wilkinson,* for appellees.

Opinion by Mr. Justice Cohen, March 15, 1968:

This is an appeal from the dismissal of a taxpayer's complaint in equity which sought to enjoin the Township of Penn Hills from executing a contract awarded to Centre Video Corporation, for the establishment and operation of a cable television antenna system in the township.

The action was dismissed in the court below after preliminary objections were filed by appellees, primarily on the basis that a court of equity lacks jurisdiction over a dispute challenging only procedural irregularities in the adoption of a municipal ordinance and that the proper forum for such a determination was the court of quarter sessions.

The Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §56502 provides in pertinent part as follows: "Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions. . ., within thirty days after any ordinance or resolution takes effect. . . ." We have held on several occasions that the purpose of this section "is to provide a fast and efficient method to question the legality of the procedure involved in the adoption of a first class township ordinance. . . . It is much more reasonable to believe that, in proceedings under §1502, the propriety of the method and the procedure that contributed to the ordinance's enactment are the *only* questions which the court of quarter sessions can consider." (Emphasis supplied.) *McArthur v. Mt. Lebanon Twp.*, 402 Pa. 78, 80, 165 A. 2d 630 (1960). Also see *Griffith v. McCandless Township*, 366 Pa. 309, 313, 77 A. 2d 430 (1951), and *Wynnewood Civic Association v. Lower Merion Township*, 180 Pa. Superior Ct. 453, 119 A. 2d 799 (1956).

Here appellants principally contend that township officials in awarding a contract to one who was neither the lowest nor the most responsible bidder committed

a manifest abuse of discretion invalidating the ordinance itself. While we do not express an opinion as to the merits of this position, it is clear that appellants in this respect are not challenging any procedural irregularities, but rather the substantive validity of such ordinance. Since the court of quarter sessions does not have jurisdiction to decide substantive issues concerning the validity of an ordinance, the only court which could have assumed jurisdiction was the court of common pleas. Furthermore, if we were to affirm the lower court's dismissal, appellants would be effectively denied a forum in which to litigate the alleged abuses committed by the township and its officials. For this reason alone the court below erroneously dismissed appellants' cause of action.

There is an even more compelling reason why our Court must remand this case to the lower court for further proceedings. A proper resolution of the issues presented here might very well entail a discussion of the highly sensitive, controversial issues concerning the actual establishment and operation of community antenna television systems (CATV). We are not unmindful of the fact that federal, state and local authorities are presently carefully analyzing and scrutinizing the feasibility and legality of promulgating rules and regulations administering such systems. See Comment, Federal, State, and Local Regulation of CATV—After you, Alphonse, 29 U. Pitt. L. Rev. 109 (1967).

Before an appellate court can render an intelligent, meaningful decision in cases of this nature, it must be provided with as much information as possible concerning the complex, intricate operation of CATV. Since CATV is for all practical purposes a virgin of the law, involving highly sophisticated technological advances generating a multitude of legal and regula-

tory problems, we are of the opinion that any determination must be made only after a full and complete record is developed in the court below.

The decree of the court below is reversed and case remanded. Costs to abide the final result.

Mr. Chief Justice BELL concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

In my view there is no doubt that the majority has correctly resolved the issue of whether the court of common pleas has jurisdiction to decide this matter. However, I am compelled to disassociate myself from the views expressed in the final paragraphs of the majority opinion because I find them completely unnecessary to a proper resolution of the merits of this case by the lower court.

By reversing the lower court's dismissal of the complaint in equity and remanding the case, this Court has merely instructed the Court of Common Pleas of Allegheny County to decide whether Penn Hills Township actually passed an invalid ordinance because it failed to award the CATV franchise to the proper bidder, and whether equitable relief should be granted. In order for the court to resolve these issues it will not be necessary for it to undertake *any* of the technical explorations into the regulatory problems (mostly federal) of cable television that the majority suggests.

Indeed, the merits of this controversy can be decided by applying the same legal and equitable principles that would be involved had Penn Hills Township passed *any* ordinance allegedly without following proper bidding procedures.