## Roeder, Appellant, *v.* Hatfield Borough Council.

242

Argued January 22, 1970.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Victor S. Jaczun,* with him *Power, Bowen & Valimont,* for appellant.

*Jules Pearlstine,* with him *Pearlstine, Salkin, Hardman, Robinson, Hunn & Meinzer,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 2, 1970:

This is an appeal from the order of the Court of Common Pleas of Montgomery County, quashing an appeal which sought to have an ordinance amending the zoning code of the Borough of Hatfield declared invalid as spot zoning.

On October 7, 1968, the Borough of Hatfield passed a general zoning code. Later an application was made by C. Robert Smith for the rezoning of a certain area in Hatfield Township. After the required notice was sent out and a hearing held, the Borough Council enacted Ordinance No. 191 on January 6, 1969 to become final February 6, 1969. The ordinance changed an area within an R-1 residential district (the highest classification) to an A Apartment District.

Donald Roeder, a borough resident and appellant, filed an appeal with the Zoning Hearing Board on January 29, 1969 pursuant to §910 of the Municipalities Planning Code (MPC), the Act of July 31, 1968, P. L.    , No. 247, art. IX, 53 P. S. §10910 (Supp. 1970). The Board, after hearing, prepared findings of fact and concluded (1) that "no issues of fact 'within the special competence of the board,' or 'any issue of fact or interpretation, not hitherto properly determined at a hearing before another competent agency or body'

were raised" and (2) that it had no authority to "second-guess" the Borough Council. These findings were filed on April 9, 1969, and on May 7 appellant filed an appeal with the court below pursuant to §§1001 and 1002 of the MPC, 53 P. S. §§11001 and 11002 (Supp. 1970). On October 16, 1969 the court below granted a motion to quash filed by C. Robert Smith, an owner of land in the rezoned case, and stated that actions challenging the validity of a borough ordinance should be pursued under §1010 of The Borough Code, the Act of February 1, 1966, P. L. (1965) 1656, as amended, the Act of October 9, 1967, P. L. 399, §1, 53 P. S. §46010 (Supp. 1970) rather than §§902, 1001 and 1002 of the MPC.

Section 1010 of The Borough Code states: "Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after the enactment of any ordinance or the adoption of any resolution, and the determination and order of the court thereon shall be conclusive. . . ."

Section 910 of the MPC states:

"Except as provided in section 912, relative to variances, the board shall have no power to pass upon the validity of any provision of an ordinance or map adopted by the governing body. Recognizing that challenges to the validity of an ordinance or map may present issues of fact and of interpretation which may lie within the special competence of the board, and to facilitate speedy disposition of such challenges by a court, the board may hear all challenges wherein the validity of the ordinance or map presents any issue of fact or of interpretation, not hitherto properly determined at a hearing before another competent agency or body, and shall take evidence and make a record thereon as pro-

vided in section 908. At the conclusion of the hearing, the board shall decide all contested questions of interpretation and shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court."

Appellees argue that appellant's challenge to the ordinance had to be pursued under §1010 of The Borough Code and that his action must be dismissed because he did not file suit within thirty days after the enactment of the ordinance. Appellees and the court below, however, misconstrue the purpose of that section of The Borough Code. Although this Court has never had occasion to interpret that section in relation to the problem now before us, on several occasions we have construed §1502 of The First Class Township Code, the Act of June 24, 1931, P.L. 1206, art. XV, as amended, 53 P.S. §56502 (Supp. 1970), which contains language almost identical to that in §1010. In that line of cases we have consistently held that the only questions the court of quarter sessions can consider relate to defects in the process of enactment of the ordinance and that it has no jurisdiction to decide substantive issues concerning the ordinance's validity. *Palmeri v. Penn Hills Township*, 428 Pa. 464, 239 A. 2d 204 (1968); *Cheltenham Township Appeal*, 413 Pa. 379, 196 A. 2d 363 (1964); *Ellison v. Mount Lebanon Township*, 410 Pa. 188, 189 A. 2d 174 (1963); *McArthur v. Mt. Lebanon Township*, 402 Pa. 78, 165 A. 2d 630 (1960); *Griffith v. McCandless Township*, 366 Pa. 309, 77 A. 2d 430 (1951); *Wynnewood Civic Association v. Lower Merion Township*, 180 Pa. Superior Ct. 453, 119 A. 2d 799 (1956).

Also those lower courts which have construed §702 of the Second Class Township Code, (The Act of May 1, 1933, P.L. 103, art. VII, as amended, 53 P.S. §65741 (Supp. 1970), whose language is almost identical to that of §1010 of The Borough Code have concluded that

only procedural questions can be raised before the court of quarter sessions. *Weaver v. East Brandywine Township,* 15 Ches. Co. Rep. 221 (1967); *Commonwealth v. Keller,* 75 York 185 (1961).

The purpose of sections such as 1502, 702 and 1010 is to provide a fast and efficient method of questioning the procedure involved in the adoption of an ordinance.

"[T]hese matters can be litigated while witnesses are available and their recollections fresh. A need for the procedure set forth in sec. 1502 is obvious since it is highly undesirable to have ordinances, long recognized and accepted as the law, declared illegal years after their passage because of procedural defects." *McArthur,* supra at 80.

Also leading to this conclusion is the fact that the interpretation given by the court below and appellees would lead to the imposition of a 30 day Statute of Limitations for raising questions as to the substantive validity and constitutionality of an ordinance. It hardly seems reasonable that the legislature intended that ordinances be immune from constitutional or other challenge after 30 days. Therefore, appellees and the court below are in error when they state that §1010 of The Borough Code was the method appellant should have used to test the substantive validity of the ordinance.[1]

---

[1]As to testing defects in the process of enactment of an ordinance by a borough, the MPC, §915, states that these issues may be raised in a proceeding before the Board only within 30 days of the effective date of the ordinance. Even though the MPC thus creates a statute of limitations, it does not create a formal procedure by which such questions may be raised. As §910 explicitly states that the Board has no power to pass on the validity of an ordinance and as such questions will rarely involve issues within the special competence of the Board, issues concerning the process of enactment should be brought before the court of common pleas (formerly the Court of Quarter Sessions) within 30 days of the date of enactment pursuant to §1010 of The Borough Code.

It is certainly true, as appellees argue, that under MPC, §910, the Zoning Hearing Board has no power to pass on the validity of an ordinance. Its function is only to prepare a record if special issues of fact or interpretation exist which have not been determined at a hearing before another competent agency or body. That fact, however, does not mean that the procedure appellant followed was improper. Such issues of fact or interpretation can exist in a challenge to the constitutionality or substantive validity of an ordinance, and appellant attempted to have these determined prior to review by the court of common pleas. Section 1009 of the MPC makes it clear that the court specified in §1002 is to pass on the substantive validity of an ordinance, and appellant did not act improperly by following the procedure prescribed by the MPC and filing an appeal with the Zoning Hearing Board under §910.

Appellees next argue that if we find the MPC applicable rather than The Borough Code we should nevertheless affirm the lower court's order because appellant has no standing under MPC, §801. The section which confers standing before the Board is not §801 but rather §914 which states: "Appeals under section 909 and proceedings to challenge an ordinance under section 910 may be filed with the board in writing by any officer or agency of the municipality, or any person aggrieved." Certainly under the facts of this case appellant is a "person aggrieved".

Appellees contend that the appeal was properly quashed by the court below because appellant did not serve a true copy of the zoning appeal notice on the owner of the property directly involved (Smith) within five days of the filing of the appeal as required by MPC, §1005. We need not decide this question, however, because appellant (even though he acted properly in following the procedure prescribed by the MPC and

even though he has standing under the MPC) has brought this appeal prematurely.

On many occasions, this Court has stated that questions as to the validity or constitutionality of an enactment will not be decided *in vacuo* but only after it has been actually applied to a litigant. In *Bliss Excavating Company v. Luzerne County,* 418 Pa. 446, 449-50, 211 A. 2d 532 (1965), we said, "[t]he action was patently premature and amounted merely to an attempt to obtain an advisory opinion. Regardless of when the ordinance became effective, on December 16 or January 1, absolutely nothing had happened under the ordinance to create a case or controversy ripe for judicial intervention. The plaintiffs had not sought nor had they been denied the right to engage in any activities on their land. Nor had there been any indication or threat of enforcement." See also, *Home Life Insurance Company of America v. Board of Adjustment,* 393 Pa. 447, 143 A. 2d 21 (1958) ; *Knup v. Philadelphia,* 386 Pa. 350, 126 A. 2d 399 (1956). This principle is applicable regardless whether the premature attack is by an action in equity or through the administrative framework, and it does not matter whether an individual is protesting a restriction on his use of his land or the permission given another to use the other's land in a particular way. In §801 of the MPC the legislature has modified this rule somewhat as to a landowner who is restricted in the use of his land, but the Act in no way affects the rules governing an attack by an individual on an ordinance which grants permission to a landowner to use his land in a certain way.

The record in this action is barren of any evidence that would indicate that the owner of the land in question, Smith, has attempted to do anything pursuant to Ordinance No. 191. In *Cheltenham Township Appeal,* supra at 387, we stated that, "ordinarily, the proper time to contest the constitutionality or validity of a

zoning ordinance is immediately after issuance of a building permit." In its first opinion in *Wynnewood Civic Assocation v. Lower Merion Township*, 175 Pa. Superior Ct. 20, 28, 102 A. 2d 423 (1954), the Superior Court expressed a similar view when after stating that it was good public policy to have procedural questions involving the legality of ordinances determined promptly, it said: "But there is a serious doubt whether substantive questions should be determined on the basis of what might and might not happen. Should not the parties and the situation existing in the neighborhood at the time the permit is sought be considered in the determination of such questions?" Therefore, this controversy will not be ripe for adjudication until either someone is granted a building permit pursuant to Ordinance No. 191 or action is taken pursuant to MPC, §801.

The order of the court below is vacated, and all proceedings are dismissed without prejudice to appellant to raise these issues at the appropriate time.

Mr. Justice ROBERTS and Mr. Justice POMEROY dissent.