## Botti v. New Hope Borough

*Carl L. Lindsay, Jr.*, for plaintiffs.
*Charles H. Dorsett, Jr.*, for defendant.

MOUNTENAY, *J.*, October 25, 1976—This is an equity action brought by four merchants in New Hope Borough, Bucks County, Pa., to enjoin the

borough from enforcing the New Hope Borough Vending Machine Ordinance. The attack brought by plaintiffs against this ordinance concentrated on the requirement that all vending machines, in order to be licensed, must be placed within the exterior walls of the principal building on the lot. None of the vending machines owned by the four plaintiffs is located within the exterior walls of their business premises.

A preliminary injunction was entered by the court on March 8, 1976. The matter then proceeded to hearing on May 13, 1976, at which time it was agreed that the preliminary injunction should continue until a final disposition of the case and that the hearing of May 13, 1976, was to constitute a hearing for a final injunction . . .

## DISCUSSION

The statutory basis for the ordinance in question is found in section 1202, subs. (6) and (74) of The Borough Code of February 1, 1966, P.L. (1965) 1656, as amended, 53 P.S. §46202(6) and (74), which subsections read, respectively, as follows:

"(6) Health and cleanliness regulations. To make such regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and the beauty, convenience, comfort and safety of the borough.

". . .

"(74) General powers. To make and adopt all such ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth, as may be expedient or necessary for the proper management, care and control of the borough and its finances, and the maintenance of peace, good government,

safety and welfare of the borough and its trade, commerce and manufactures."

As indicated in the findings of fact, the ordinance was adopted for the purpose of discouraging litter in public areas and also for the purpose of preserving the aesthetic qualities of the borough.

Plaintiffs attack the ordinance on the basis that there is no substantial relationship between the ordinance itself and the objectives which the borough may legitimately attain; that is to say, the control of litter and the promotion of aesthetic interests. We hasten to note, however, that plaintiffs do not argue that the avoidance of litter and the advancement of aesthetic interests are improper objectives. They simply argue that these objectives cannot be obtained via the ordinance in question.

We must bear in mind initially that while all ordinances must bear a substantial relationship to the public health, safety and general welfare, one challenging such an ordinance bears a heavy burden of establishing the absence of any such relationship: National Land and Investment Company v. Easttown Township Board of Adjustment, 419 Pa. 504, 215 A.2d 597 (1965); Township of Neville v. Exxon Corporation et al., 14 Pa. Commonwealth Ct. 225, 322 A.2d 144 (1974).[1] Again, the burden is on plaintiffs to show an absence of the relationship, not on the borough to establish the existence thereof, and plaintiffs' burden is a heavy one. We are of the opinion that plaintiffs have not only failed to carry their burden of proof but that it would have been impossible for them

1. The cases cited are zoning cases, but we see no basis for distinction between zoning ordinances and other types of municipal regulation in this particular respect.

under any circumstances to show the lack of a substantial relationship between outdoor vending machines and litter.[2] On the contrary, it seems obvious that the availability of potential litter, such as soda containers and cigarette packs, outdoors, adjacent to public thoroughfares, and at all hours of the day and night, will more likely result in actual public litter than if the potential litter were available only indoors, further removed from the public thoroughfares, and during business hours when the temptation to litter would be lessened due to public vigilance and disapproval.

As to the aesthetic question, the matter might be more debatable. Conceivably, some persons might regard vending machines as attractive and aesthetically desirable. Obviously, the members of borough council regard them otherwise. But here again, plaintiffs must carry the burden of establishing that there is no substantial relationship between outdoor vending machines and aesthetic objectives. Even were the existence of such a relationship somewhat doubtful in the mind of the court, plaintiffs have the burden of establishing the absence of that relationship, and this plaintiffs have not even attempted to do. A municipal ordinance can be declared void only where it violates the fundamental law clearly, palpably and in such manner as to leave no hesitation in the mind of the court: Bilbar Construction Company v. Easttown Township Board of Adjustment, 393 Pa. 62, 191 A.2d 851 (1958). All presumptions are in favor of constitutionality, and courts are not to be astute in

---

2. Plaintiffs argue that people litter, not vending machines. On the same basis, one could find gun control legislation unconstitutional on the basis that people kill, not guns.

finding or sustaining objections to them: Hadley's Case, 336 Pa. 100, 6 A.2d 874 (1939).[3]

Plaintiffs' second argument is that the ordinance in question is really a zoning ordinance in disguise and is, therefore, invalid in that it was not adopted in accordance with the procedures prescribed in the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10101 et seq. We hardly know how to respond to this argument other than to say that we do not agree with it and that the land use aspect of the ordinance is only incidental to its principal purpose, that of minimizing litter. Were plaintiffs' argument correct, almost any regulation incidentally affecting an activity carried out on private property would be enforceable only if enacted as a part of the municipal zoning ordinance. Examples of this would be ordinances controlling open burning, the maintenance of nuisances, and even the keeping of livestock in boroughs.

As their third basis for challenging the ordinance, plaintiffs assert that the regulation in question is violative of the Fourteenth Amendment of the Constitution of the United States. In support of this proposition, they cite Philadelphia Newspapers, Inc. v. The Borough Council, Mayor, Manager and Director of Public Works of the Borough of Swarthmore, 381 F. Supp. 288 (E.D. Pa., 1974).

---

3. We recognize, of course, that if a municipal regulation in advancing the aesthetic interest of the municipality were oppressive and disproportionate to the general interests of the community, such a regulation could and would be struck down, but plaintiffs have not shown this to be the case. See discussion in Cox v. New Sewickley Township, 4 Pa. Commonwealth Ct. 28, 284 A.2d 829 (1971), where a shrub planting requirement around a junk yard was sustained as being a valid and constitutional exercise of the police power.

Suffice it to say that this case dealt with an ordinance prohibiting the placing of newspaper vending boxes along the streets and sidewalks of the borough. The decision of the court was based wholly upon the First and Fourteenth Amendment protection of the freedom of the press. Absent any First Amendment interests in the instant case, Fourteenth Amendment considerations are similarly absent insofar as the Philadelphia Newspapers, Inc., case is concerned. This contention of plaintiffs must be rejected.

Plaintiffs' only remaining contention is that the ordinance in question was not properly recorded as required by sections 1008 and 1009 of The Borough Code, as amended, 53 P.S. §§46008 and 46009. This, of course, relates to a defect in the process of enactment and should be challenged via an appeal pursuant to section 1010 of the code, 53 P.S. §46010, which reads, in pertinent part, as follows:

"Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after the advertisement of any ordinance or the adoption of any resolution, and the determination and order of the court thereon shall be conclusive . . ."

While defendant has not questioned the propriety of plaintiffs' raising this issue in this particular action, we are of the opinion that we are obliged to raise the issue sui sponte: Harris-Walsh, Inc. v. Dickson City Borough, 420 Pa. 259, 216 A.2d 329 (1966). And despite the fact that we seriously question whether defendant complied with the re-

quirements of sections 1008 and 1009,[4] we are of the opinion that we lack jurisdiction to pass upon any alleged deficiencies of enactment in these proceedings.

It was held in Griffith v. McCandless Township, 366 Pa. 309, 77 A.2d 430 (1951), that section 702-XLI of The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. § 65741, containing provisions similar to those contained in section 1010 of The Borough Code, provided an adequate remedy to test the propriety of the enactment process and that equity, there-

---

4. Section 1009, governing the method of recording, reads, in pertinent part, as follows:

"All borough records, required to be recorded or transcribed, shall be deemed valid if typewritten, printed, photostated or microfilmed and where recording or transcribing in a specified book of record is required, except minutes of the proceedings of the council, such records may be recorded or transcribed in a mechanical or key-operated post binder book, or bound book with pages being consecutively numbered by transcribing directly upon the pages of such book of record or such records or copies thereof may be attached to such book of record by stapling or by glue or by any other adhesive substance or material, and all records heretofore recorded or transcribed in any manner authorized by this section are validated . . ."

An "Acco" binder constituted the ordinance book in the instant case. Despite the seeming variety of recording alternatives permitted by the statute, it is questionable whether the use of an Acco binder falls within any of them. The few decisions on the subject have applied the statutory provision quite rigidly in an effort to achieve permanence of recording and in an effort to prevent easy removal and replacement. See West Conshohocken Borough Appeal, 405 Pa. 150, 159, 173 A.2d 461 (1961).

Although not necessary to our decision, we have, nevertheless, made findings of fact with respect to the manner of recording so as to preserve the record.

fore, was without jurisdiction to review the legality of an ordinance on the basis of an alleged procedural defect. See also Palmeri v. Penn Hills Township, 428 Pa. 464, 239 A.2d 204 (1968); McArthur v. Mt. Lebanon Township, 402 Pa. 78, 165 A.2d 630, and Tetlow et al. v. Middletown Township et al., 15 Bucks 379 (1965). This rule was specifically applied to section 1010 of The Borough Code in Binder v. Pottstown Borough, 10 D. & C. 2d 166 (1955).

Mention should be made at this point of Harris-Walsh, Inc. v. Dickson City Borough, supra, which held that section 1010 did *not* afford an adequate remedy to protect plaintiff from the risk of prosecution under an ordinance the enactment of which exceeded the borough's authority in view of the fact that the Commonwealth had preempted the field. The distinction between that case and this, of course, is that Harris-Walsh involved substantive issues which, as such, could not be raised in appeals under section 1010 of The Borough Code: Roeder v. Hatfield Borough Council, 439 Pa. 241, 266 A.2d 691 (1970). Harris-Walsh, accordingly, can provide no comfort for plaintiffs.

In view of the foregoing, we are of the opinion that the issue of defective recording has not been properly raised. In addition, it may well be that *any* proceeding other than a "section 1010 appeal" is improper for the above purpose not only because of the availability of the section 1010 remedy but also because of the lack of timeliness, not merely in its "statute of limitations" context but also in the broader sense of practicality. As was stated in McArthur v. Lebanon Township, supra, at page 80:

"The purpose of §1502, as indicated in Griffith v. McCandless Township, 366 Pa. 309, 313, 77 A.2d 430 (1951), and Wynnewood Civic Association v. Lower Merion Township, 180 Pa. Superior Ct. 453, 119 A.2d 799 (1956), is to provide a fast and efficient method to question the legality of the procedure involved in the adoption of a first class township ordinance. Thus, these matters can be litigated while witnesses are available and their recollections fresh. A need for the procedure set forth in §1502 is obvious since it is highly undesirable to have ordinances, long recognized and accepted as the law, declared illegal years after their passage because of procedural defects."

McArthur, of course, dealt with section 1502 of The First Class Township Code of June 24, 1931, P.L. 1206, as amended, 53 P.S. §56502, but McArthur was cited with approval in Roeder v. Hatfield Borough Council, supra, specifically involving section 1010 of The Borough Code.

We are not required to decide at this juncture whether plaintiffs would be precluded by the passage of time from raising any impropriety of recording as a defense in a prosecution instituted against them for a violation of the ordinance, but we are satisfied that they cannot raise any such defect in the present proceeding.

## CONCLUSIONS OF LAW

1. The New Hope Vending Machine Ordinance does not violate fundamental law clearly, palpably, plainly and in such manner as to leave no hesitation in the mind of the court.

2. Plaintiffs have not met their burden of proof in overcoming the presumption in favor of the constitutionality of municipal ordinances.

3. The provisions of the ordinance are substantially related to the health, safety and welfare of the community and constitute a proper exercise of the police power of the municipality.

4. The benefits to the community from the ordinance outweigh any inconvenience caused to the plaintiffs.

5. Noncompliance with sections 1008 and 1009 of The Borough Code relative to the recording of ordinances may not be raised in this proceeding.

### DECREE NISI

And now, October 25, 1976, plaintiffs' complaint is dismissed.

The prothonotary is directed forthwith to notify the parties of the filing of this adjudication, and unless exceptions are filed within 20 days of such notice, this decree nisi shall be entered by the prothonotary, upon praecipe by either party, as the final decree.