## Hoeveler Appeal

*Ralph D. McKee, Jr.*, for plaintiffs.

*James W. Dunn, Jr.*, for zoning board of adjustment.

LAUB, J. (6th Judicial District, Specially Presiding), March 30, 1962.—On December 26, 1961, the McCandless Township Commissioners, by a vote of five to one (one commissioner absent), attempted to amend the township zoning ordinance by changing the classi-

fication to a 31 acre tract of land owned by intervenor from "Residential II" to "Commercial." Appellant who, together with the Lutheran Church Extension Society of Pittsburgh and Vicinity, had properly entered a protest to the passage of the amending ordinance, has filed a complaint in this court, alleging that the ordinance was not passed by a sufficient number of favorable votes. It is this complaint, hereinafter to be treated as an appeal, which commands our present attention.

The facts in this case are not in dispute. The tract which was rezoned by the ordinance is irregular in shape but roughly follows the form and appearance of a triangle, the easterly leg of which is approximately 2,300 feet long. Appellant and the Lutheran Church Extension Society own contiguous parcels of land abutting upon the easterly side of the rezoned piece and, in combination, extending along such side for a distance of more than 840 feet. Both of these latter parcels have a depth in excess of 100 feet extending from the easterly line of the rezoned tract. . . .

It is appellant's position that, because of the Act of June 24, 1931, P. L. 1206, sec. 3105, as amended, 53 PS §58105, a valid amendment to the zoning ordinance could not be passed without the concurrence of three-fourths of all the members of the township board of commissioners. This contention is based upon the ownership by the protestants of land in excess of 20 per cent of the area immediately adjacent to the easterly line of the rezoned area and extending 100 feet therefrom. The township and the intervenor have a different view. While they concede that the favorable vote was not three-fourths of the membership of the township board of commissioners, they contend that such vote was unnecessary, a majority being sufficient to enact the ordinance. It is their view that the protestants cannot demand a three-fourths vote because they do not own 20 per cent or more of the area specified in the

statute. It is their interpretation of the act that since there is a question as to what constitutes the front of the rezoned parcel the critical area is the space surrounding the entire perimeter of the rezoned tract. Thus, from the contending views of the parties it is apparent that the problem may be resolved only by considering the terms of the disputed statute.

The Act of 1931, as amended, is badly drawn. As written, it provides as follows:

"Such regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified, or repealed. In case, however, of a protest against such change, signed by the owners of twenty per centum or more, either of the area of the lots included in such proposed change, or of those immediately adjacent in the rear or in the front or to either side thereof extending one hundred feet therefrom. Such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the board of township commissioners. . ."

It is obvious at the outset that, to impart any meaning to the act, the incomplete second sentence must be combined with the third one. It seems equally obvious that the statute sets up two classes of landowners whose protests may affect the required number of votes for favorable passage: internal owners whose land lies within the area to be affected, and external owners whose land lies outside of the area of proposed change but which abuts thereon and extends a distance of 100 feet therefrom. Appellant and the other protestant fall within this latter class.

By culling out nonessentials, transposing the word "lots" and underscoring the word "or" for emphasis, the meaning of the legislative language becomes clearer. Adopting this method, the statute would read: "In case, however, of a protest against such change, signed by the owners of twenty per centum or more of

the area of those lots immediately adjacent in the rear *or* in the front *or* to either side thereof extending one hundred feet therefrom, such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the board". It seems clear, therefore, that the legislature expressly stated that the 20 percent requirement was to apply in the alternative to property adjacent to the front, to the rear, or to either side of the affected property. Had it intended the requirement to apply to all of the area surrounding the property, as contended for by the township and the intervenor, the word "and" would have been used instead of "or" in the places where we have used underscoring.

Appellee and the intervenor argue that to interpret the statute in the fashion just demonstrated would be to impart a meaning to the act which would be absurd and unreasonable and in contravention of the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52 (1), 46 PS §552(1). To support their contentions it is pointed out that in some circumstances such a construction would give an external landowner an advantage over an internal owner who would be more vitally concerned; that in the case of irregular lots with short jogs in a boundary line constituting "sides" of the tract, external owners possessing only a small piece of land could block a zoning change, and that similar results would follow in the case of external landowners owning small lots at the rear of a huge rectangular piece, etc.

Section 51 of the Statutory Construction Act (46 PS §551) tells us that when the words of a law are clear and free from all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit and this constrains us to consider only what the act prescribes. We cannot foresee the dire results which appellee and the intervenor imagine. Each case must, of course, stand alone and we cannot decide a

case in litigation on the basis of some hypothetical difficulty when there is a clear course to be followed. However, sight must not be lost of the fact that the statute deals only with procedure. In any case where public necessity calls for a zoning alteration, external landowners possessing the required area could not block the change; they could only force the commissioners to a three-fourths favorable vote. Thus, where the protesting owners own a trifling area in comparison to the area to be rezoned, it is unlikely that a three-fourths favorable vote could not be obtained, particularly where rezoning appears imperative from a public standpoint. What is more, it is unlikely that a court would consider a small jog in a boundary line as a "side" of the piece. Reference to the drawing of the land involved in this case discloses that there are six small jogs in the westerly side of the rezoned tract and it would be unrealistic to regard any of them as a true side of the piece.

The intervenor urges that we are concerned solely with the ordinance and not with the enabling act, averring that we may only consider the regularity of the procedure followed in the enactment of the ordinance and may not consider the statutory authority of the township to enact such an ordinance. In support of this argument, the intervenor cites McArthur v. Mt. Lebanon Township, 402 Pa. 78. However, we are not reviewing the township's authority to enact an amending ordinance to its zoning laws. The township's right to make such change is undoubted and unquestioned by appellant. What appellant does challenge is the procedure by which the ordinance was proclaimed and this is clearly a matter which is properly before us and which calls for a reference to the circumscribing enabling statute.

In the situation before us it seems clear that the protestants are the owners of land in excess of the 20

percent mentioned in the act and that therefore a three-fourths vote of the members of the board of commissioners was required to validate the ordinance. In consequence, the appeal must be sustained.

And now, March 30, 1962, the appeal is sustained and ordinance no. 332 is declared to be illegal, null and void, and of no effect. The costs shall be paid by the township.